DEAN, Defendant in Error, v. McFAUL *et al.*, Plaintiffs in Error.

1. Where partners, commission merchants, receive a consignment of goods for sale, and a dissolution of the partnership afterwards takes place before the goods are sold, and they are turned over to, and are sold by, the partner continuing in the business, the outgoing partner is not exonerated from his liability to the shipper by the mere fact that a special notice of the dissolution of the partnership was sent to such shipper, containing also a statement that the goods of the shipper were left in the hands of the continuing partner.

*Error to St. Louis Law Commissioner's Court.*

This was a suit to recover of defendants, Mogridge & McFaul, the value of certain barrels of oil shipped by plaintiff to the firm of Mogridge & McFaul. The facts sufficiently appear in the opinion of the court.

*Lord*, for plaintiff in error.

*Whittelsey*, for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

The only question in this case is, whether the court erred in excluding the evidence of the contents of notice of dissolution of the partnership of Mogridge & McFaul to the plaintiff. There is nothing in this question ; for if the evidence had been admitted, it could not have changed the result, and, of course, its exclusion is no ground for reversal.

The oil had been shipped to the firm of Mogridge & McFaul in April, 1853 ; was received by them for sale on commission. In June following, McFaul, upon a dissolution of the partnership, retires from the firm, leaving the oil with his former partner, Mogridge, unsold. Notice of the dissolution of the partnership is published, and written notice sent by mail to plaintiff. McFaul contends that this notice absolves him from his previous liability to plaintiff on account of the oil. Now we say, no matter what his notice contained, that alone would not exonerate him. He, as one of the firm, had received the goods of the plaintiff to sell on commission ; and it is not competent for him afterwards to slip out of his firm, and, by notice to his customers and creditors, slip out of liability at the same time, without any understanding on the part of such creditors or customers to that effect. Therefore, no matter what the notice contained, it could not have changed the result in this case.

The evidence was given below without any objection : nothing is saved on the record in regard to it. Let the judgment ment be affirmed ; the other judges concurring.