JAMES M. BRYANT, *et al.*, Respondents, *v.* DAVID L. HAWKINS, Appellant.

1. *Partnership — Members liable, jointly and severally — Agreements between, etc.*— Under the statute (Wagn. Stat. 269, ₴ 1) the members of a collecting firm are liable jointly and severally for the money collected. And one member will be liable for money collected by the other, although the partnership had been dissolved and it had been agreed that the former should wind up the business.

   And in suit against the former for proceeds of money collected by the firm, the fact that defendant notified the sheriff not to pay over the money to his partner will not exonerate him.

*Appeal from St. Louis Circuit Court.*

*Slayback & Haeussler*, for appellant.

In this case the suit is not brought against the firm. Hawkins alone is sued. There is no proof that he ever collected the money. Therefore the respondents failed to make out their cause of action. (Cummins v. McLean, 2 Ark. 402; Fraser v. Roberts, 32 Mo. 461; 2 Tidd's Pr. 919; 11 Wend. 374; Andrews v. Lynch, 27 Mo. 167; Welch v. Bryan, 28 Mo. 30; Syme v. Str. Indiana, 28 Mo. 335; 2 Wagn. Stat. 1058, § 1; Beck v. Ferrara, 19 Mo. 30; Link v. Vaughan, 17 Mo. 585; Butcher v. Death & Teasdale, 15 Mo. 271; Jones v. Londerman, 39 Mo. 287.)

*Glover & Shepley*, and *J. N. Litton*, for respondents.

Can plaintiff recover on facts proved? Where A. and B., a law firm, contract with a client to collect money for him, and the firm obtain judgment as attorneys of record, issue execution and collect part of the money, B. can not, without any notice to his client, release himself from his contract and from his responsibility for money collected by his partner, by dissolution and he

will be liable for money collected after any such dissolution. (Pars. Partn. 395–6; 4 Carr. & P. 108; Kings v. Smith, 12 Sm. & M. 669; Wilkinson v. Griswold, 4 McCord, 259; Poole v. Gist, 23 Mo. 76; Dean v. McFaul, 31 Ill. 62; Smith v. Tuley, 15 N. Y. 471; Briggs v. Briggs, 29 Penn. St. 293; Cook v. Bloodgood, 7 Ala. 683; Cook v. Bloodgood, 2 Blackf. 22; Polland v. Rowland, 32 Miss. 17; Myers v. Field, 37 Mo. 434; 45 Mo. 365.) If A. and B. make a contract, A. can not release himself from his contract without the consent of B., still less without even notice to B. The fact that A. is a firm, composed of two, does not give it any greater rights to break its contract than if it was only a single individual.

WAGNER, Judge, delivered the opinion of the court.

This was an action to recover of defendant money which it is charged he collected as an attorney at law for plaintiffs upon two certain notes against one John H. Stokes. The case shows that defendant, in connection with one Moore, constituted a law firm at Cape Girardeau under the name and style of Moore & Hawkins, and, as such, they received the notes of the plaintiffs for collection and gave a receipt therefor in the name of the firm. Suit was instituted upon the notes and duly prosecuted to judgment. Execution was issued upon the judgment and the money made by the sheriff. Moore & Hawkins appeared as attorneys of record. The firm was dissolved before all the money was paid, and Hawkins notified the sheriff not to pay any money on that account to Moore. But notwithstanding this warning Moore obtained the money, appropriated it to his own use, and is now a non-resident. This suit is brought against Hawkins individually to recover the amount so collected by Moore and converted to his own use.

It is objected that as the petition declares on a liability against Hawkins, and as the evidence shows that the money was received and appropriated by Moore, therefore the judgment which was rendered for the plaintiff should be reversed. But we are of the opinion that the petition is sufficient according to the case as made out. The firm was certainly liable jointly and severally

for the money collected. Under the statutes of this State all contracts which are joint only by the common law are to be construed as joint and several. (1 Wagn. Stat. 269, § 1.) And where a joint liability is incurred, an action will lie against one of the joint contractors for the act of another. Moore and Hawkins were jointly and severally liable for all the contracts and undertakings arising in the prosecution of their business. The dissolution of the partnership, and the agreement between them that Hawkins should wind up the business, can not affect the rights of the plaintiff. And the fact that Hawkins notified the sheriff not to pay the money to Moore will not exonerate him. It might, under certain circumstances, furnish a remedy against the sheriff, but can not in anywise impair the obligation of the defendant Hawkins to the plaintiff.

The principle is universal that no dissolution of any kind will affect the rights of third parties who have had dealings with the partnership, without their consent. Parties may agree as they please about their joint property, and their agreements will be valid so far as they do not affect the rights of third parties; but if they do have that effect, they will be utterly and wholly void. The collection of the notes was a partnership duty, and it continued, so far as the plaintiffs were concerned, with each member after the dissolution of the firm. The credit was given to the firm, and the dissolution did not operate as a release of the obligation.

Something has been said about part of the money having been paid to Moore when he was acting with the enemies of the government, but we can not see on what principle that can be invoked to prejudice the just claims of the plaintiffs.

Judgment affirmed. The other judges concur.