LEVI L. WARREN *et al.*, Respondents, *v.* DAVID L. HAWKINS, Appellant.

1. *Agency — Collector liable to principal, in what cases.* — In suit for moneys charged to have been collected on execution and not paid over, defendant should not be charged with goods sold defendant by the execution-defendant not actually applied on the execution, or not received by him as collector; but where, at the execution sale, he bade in property in his own name, and entered satisfaction of the execution to the extent of the bid as for cash received, and treated the property as his own, he would be liable for that amount to his principal.

*Appeal from St. Louis Circuit Court.*

Moore & Hawkins were a law firm employed by plaintiffs to collect two notes from one John H. Stokes, and brought suit and

obtained judgment against him.    See further the opinion of the court, and Bryant v. Hawkins, 47 Mo. 410.

*A. W. Slayback*, for appellant.

*J. N. Litton*, for respondents.

BLISS, Judge, delivered the opinion of the court.

This is one of several suits brought to recover of defendant the amounts of sundry collections made by the firm of Moore & Hawkins, composed of defendant and one Moore, who is not served with process.    One of the causes was heard and considered at the March term of this court (Bryant v. Hawkins, 47 Mo. 410,) and most of the legal questions raised by the present record were there determined.

Upon the trial the jury gave a verdict for $1,769, for which judgment was rendered, and excessive damages were assigned as one of the grounds for the motion for a new trial.    On examination of the record I can find no evidence to sustain a verdict for over $603 and interest, being the amount of certain real estate bid in by defendant, to which should perhaps be added the proper proportion of the value of a horse received of the debtor by Moore.    The plaintiffs claim that certain goods sold to Moore by the execution-defendant, Stokes, should be applied upon their execution.    But Stokes testifies that the goods are to be applied upon the other claims which had priority over that of the plaintiffs, and it does not appear how, by virtue of the alleged agreement, the plaintiffs can have the benefit of the transaction.    If they are entitled to such benefit, it must be either because the goods were actually applied upon their execution, or were received by their attorneys upon the claim, and thus were held for their use.    But neither of these facts were shown, and hence the jury should not have included the amount of these goods in their verdict; and for doing so without evidence, the court should have granted a new trial, unless a *remittitur* had been entered.

The defendant also complains that he should not be charged with the amount of his bid for real estate, and testifies that he bid it off for his clients to plaintiffs.    But this claim is untenable,

for he not only fails to show any authority for thus purchasing real estate for them, but the bid was in his own name ; there was competition at the sale ; he entered satisfaction of the execution for the amount of the bid as for cash received, and treated the property purchased as his own.   He will not be permitted to saddle his loss upon his non-resident clients, after he has discovered that there is no speculation in the adventure ; and the law pertaining to the duties of an agent, and the rights of the principal to the proceeds of his operations as agent, has nothing to do with the question.

Inasmuch, however, as the judgment was much larger than was warranted by the evidence, 'it should be reversed and the cause remanded.   The other judges concur.