POWELL, Respondent, v. ROBERTS, Appellant.

St. Louis Court of Appeals, February 13, 1906.

PARTNERSHIP: Dissolution: Liability of Partner. A firm of attorneys undertook to collect a note for a client and afterwards dissolved and published notice of the dissolution. After the dissolution one partner collected the money and converted it to his own use. . *Held,* the other partner was liable to the client for the amount.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Sam J. Corbett* for appellant.

All the testimony conclusively established the fact that at the time J. T. Hunt collected the money from Phillips, the partnership of Roberts & Hunt was extinct. This being true there could be no liability on the part of F. D. Roberts to answer for the tortious acts of J. T. Hunt in converting the money so collected to his own private use. After the publication of the notice of dissolution of the partnership, all the power of J. T. Hunt to bind the partnership was gone. Knaus v. Givens, 110 Mo. 58, 19 S. W. 535; Dudley v. Love, 60 Mo. App. 420.

*Ward & Collins* for respondent.

(1) "Under the statute the members of a law firm are liable jointly and severally for moneys collected. And one member will be liable for money collected by the other, although the partnership had been dissolved at the time the money was collected." Bryant v. Hawkins, 47 Mo. 410. Sec. 889, R. S. 1899. (2) Appellant's contention, and theory upon which he defended his case, are clearly wrong; because he seeks to make a third party suffer on account of the dissolution of the firm of Roberts & Hunt by losing the amount collected on the note, which was in the firm's hands for collection prior to its dissolution; and thereby affecting the rights of respondent without his consent. "The principle is universal that no dissolution of any kind will affect the rights of third parties who have had dealings with the partnership without their consent." McLean v. McAlister, 30 Mo. App. 109; Bryant v. Hawkins, 47 Mo. 412.

GOODE, J.—The facts in this case are undisputed, and those material to the point to be decided will be related. Prior to March 11, 1902, F. D. Roberts, the appellant, and J. R. Hunt, under the firm name of Roberts & Hunt, were partners in the practice of law in Caruthersville. Powell intrusted a promissory note to the firm for collection. The note was sued on before a justice of the peace and judgment obtained February 25, 1902. An execution was issued the next day and on April 14th, while the writ was in the constable's hands, Hunt compromised the judgment with the debtor for about half the amount due, gave his receipt therefor as attorney for Powell, but kept the money instead of paying it to his client. In fact, he left the State shortly afterwards. Powell sued Roberts for seventy-five dollars, the sum collected by Hunt; the judgment in Powell's favor having been for one hundred and fifty-five dollars. Roberts & Hunt dissolved their partnership on March

11, 1902, after the judgment had been rendered in favor of Powell and an execution issued, but before April 14th, when Hunt collected and converted the money. Notice of the dissolution had been published before the last-named date in a newspaper published in Caruthersville. The defense is that Hunt could not bind Roberts by any agreement nor lay him liable by any tort, after notice of dissolution was given. Roberts was bound by the contract made with Powell while the firm of Roberts & Hunt was in existence, to attend to the collection of the note and account for what was collected. Powell never made an agreement with Roberts to release the latter from responsibility for the due performance of the firm's undertaking; and certainly the dissolution of the partnership and notice of the fact, would not terminate Powell's right to hold Roberts accountable on the contract between the two. There is no doubt that the judgment in the case was for the right party. Two cases which are counterparts of it will be found among the reported decisions of the Supreme Court. [Bryant v. Hawkins, 47 Mo. 410; Dean v. McFaul, 23 Mo. 76.]

The judgment is affirmed. *Bland, P. J.,* and *Nortoni, J.,* concur.