**Hobert W. FISCHER, Appellant,**

v.

**Audley VONCK, Respondent.**

**No. WD 31827.**

Missouri Court of Appeals,
Western District.

March 2, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 30, 1981.

Application to Transfer Denied
May 11, 1981.

Jay Crotchett, Lee's Summit, for appellant.

Robert L. Rodarte, Kansas City, for respondent.

Before KENNEDY, P. J., and SHANGLER and SOMERVILLE, JJ.

KENNEDY, Presiding Judge.

This is an appeal from the judgment of the trial court dismissing plaintiff's petition for damages for legal malpractice against defendant Audley Vonck.[1] The court sustained the defendant's motion to dismiss for failure to state a claim upon which relief could be granted. With leave of court, plaintiff twice amended his petition but it was still adjudged to be insufficient.

The trial court's ruling was correct and the judgment is affirmed.

Plaintiff's original petition was directed against 13 lawyers, including defendant Audley Vonck. Only the claim against Vonck is before us.

The following allegations may be gleaned from plaintiff's *pro se* petition: On January 28, 1964, plaintiff was injured while working as a switchman for the Missouri Pacific Railroad Company. Lawyer Louis J. Pelofsky filed suit for damages in plaintiff's behalf in February, 1965. The case was not tried. The petition then goes ahead to say that "on September 22, 1970, Judge Stubbs ruled that I be barred from all claims against the Missouri Pacific, etc., because of the mighty pretty work of Allan R. Browne and Robert A. Dakapolos (two lawyers who had represented plaintiff along the way)." On July 28, 1973, defendant Vonck said to the plaintiff, "I'd like to help you but they opened the barn door and turned the horses out and they are so far out now, there is nothing I can do". The petition then states that "on July 27, 1978, I was handed an official copy telling me that my injury case had been dismissed without prejudice September 18, 1967 . . . Clayton A. Chittim told me it was now too late to sue the Pelofsky estate."

None of the 13 lawyers whom plaintiff talked with, including defendant Audley Vonck, according to the petition, told him that he could sue the Pelofsky estate. By the time plaintiff learned that he might sue the Pelofsky estate, it was "too late". The

---

1. See, for a related case, *Fischer v. Browne, et al.*, 586 S.W.2d 733 (Mo.App.1980).

failure to advise him of the availability of a malpractice action against Pelofsky or his estate is the crux of his supposed malpractice claim against defendant Vonck.

There is not the slightest inkling in plaintiff's petition at any point as to the basis of a claim against Louis J. Pelofsky or his estate. In order to make out any cause of action against the defendant Vonck for malpractice in his failure to advise the plaintiff of a cause of action for malpractice against Pelofsky, there must be some allegation in the petition showing that the plaintiff had a basis for a malpractice action against Pelofsky or his estate. *Johnson v. Haskins,* 119 S.W.2d 235 (Mo.1938). There is nothing of that sort in this petition.[2]

It is not worthwhile to sift the petition to find if it contains all other necessary allegations.

The petition as amended falls far short of stating any claim for malpractice against defendant Vonck. The judgment of dismissal is affirmed.

All concur.

---

2. See, for the essential elements of a legal malpractice action, *Togstad v. Vesely, Otto, Miller & Keefe,* 291 N.W.2d 686, 692 [1] (Minn.1980); 7A C.J.S., Attorney and Client, § 269 (1980).