**Clifford BROWN, Appellant,**

v.

**Clinton ADAMS, Jr., Respondent.**

**No. WD 36133.**

Missouri Court of Appeals,
Western District.

Sept. 9, 1986.

Lynne J. Bratcher, Linda F. Dycus, Kansas City, for appellant.

Clinton Adams, Jr., Kansas City, for respondent.

Before CLARK, C.J., and DIXON and KENNEDY, JJ.

KENNEDY, Judge.

The present appeal is by plaintiff Clifford Brown from a judgment N.O.V. for defendant, granted by the trial court upon defendant's motion after plaintiff had gained a $25,000 jury verdict against the defendant for defendant's alleged malpractice. Plaintiff's claim was that defendant, an attorney, had negligently failed to file an action for slander against his former employer, S.S. Kresge Company, within the limitation period, as a result of which negligence plaintiff had suffered damage.

Respondent has filed no brief in this court.

**I**

The ground upon which the trial court granted the judgment N.O.V. for defendant was that the plaintiff's petition had not stated a cause of action against the defendant. Its deficiency was that he had not stated within the petition for malpractice

facts showing that it had a cause of action for slander against S.S. Kresge Company.

◼ In order to state a cause of action for slander, it is necessary to allege in haec verba the exact words which are alleged to be defamatory. *Fritschle v. Kettle River Co.*, 346 Mo. 196, 139 S.W.2d 948, 949 (1940); *Remmers v. Remmers*, 217 Mo. 541, 117 S.W. 1117, 1123 (1909); *Bremson v. Kinder-Care Learning Center, Inc.*, 651 S.W.2d 159 (Mo.App.1983).

◼ Also, in order to state a cause of action against an attorney for malpractice for failure to file a lawsuit within the statute of limitations period, the petition must allege that the plaintiff could have recovered a judgment in the action if it had been diligently prosecuted. *Johnson v. Haskins*, 119 S.W.2d 235 (Mo.1938); *Fischer v. Vonck*, 614 S.W.2d 26 (Mo.App.1981); 7A C.J.S. Attorney and Client § 269 (1980).

Whether the petition for malpractice must allege the cause of action for slander with the same precision and specificity as would have been required in the petition for slander itself is a question we do not need to deal with at this time. The trial court and the parties assumed that the malpractice petition against the attorney was required to allege the precise words of defamation, and that plaintiff's petition which alleged simply that plaintiff "was slandered by S.S. Kresge Company during an investigation by the United States Civil Service Commission" was insufficient. Appellant did not in the trial court and does not here dispute the insufficiency of his petition upon which the case was tried.

◼ Appellant says, however, that there was *proof* of the exact words of Kresge employees which were allegedly slanderous, and that the issue was tried by the express consent of the parties. He follows by saying in effect that the petition's shortcoming was waived by defendant and under Rule 55.33(b) the petition should be treated as having been amended to allege the precise defamatory words.[1] We hold, however, that the defendant did not waive the petition's insufficiency and did not consent to the proof of the exact words.

Plaintiff points us to a certain exchange among the court and counsel for the parties wherein he says counsel for the defendant expressly consented to the trial of the issue of the precise words of defamation. We do not think the words had that effect. In fact, defendant's counsel said (in the exchange indicated by plaintiff):

[W]e have filed an answer to plaintiff's amended petition and are prepared to go forward with that should the Court so order. The problem, of course, that we've discussed at length is plaintiff's desire to endeavor to prove up some alleged slander based upon some documents which ... will not be shown to have any particular probative value in terms of even the words used, slanderous, either per se or per quod, which I really, having researched them, don't see the slander necessarily, *and fail to properly apprise us of what we have to meet* .... *We don't know when they are gathered, we don't know who the reporter was, we don't know who the statements were allegedly made by, and by this document or by that offer, we would submit plaintiff is going to at-*

---

1. Rule 55.33(b) reads as follows:

   Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If

evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

*tempt to prove up, which she must in a malpractice action, the underlying claim of slander, and establish that she might have been able to recover.... In any event it puts defendant at a distinct disadvantage in trying to meet it. We don't know what they are going to be....* I would submit that what plaintiff did is copy verbatim from one of those same documents that we are referring to and *still does not specify wherein lies the slander.* That serves no useful purpose, whatsoever, in apprising the defendant as to what he has to meet. And it is not, I don't believe, defendant's burden necessarily to invite or beg plaintiff to amend her petition to state her case. It's incumbent upon a petitioner in a trial of a lawsuit to have a case properly stated. Certainly we all know and understand should the case go forward it is entirely possible, though I would tend to doubt that plaintiff might adduce evidence which would cause her petition to be or qualify for amendment to perform thereto and thereby state a claim which, in effect, gives plaintiff two shots at this lawsuit, which I don't think is what the law intended in that respect. (Emphasis ours.)

Neither in the foregoing exchange nor elsewhere in the transcript of the trial testimony do we find any consent by the defendant to proof of specific words, not quoted in the petition, which were alleged to be slanderous. Defendant before trial by motion to dismiss, and throughout the trial by objections to testimony and by motion for directed verdict, continued to stress the deficiency of the petition in failing to specify the alleged words of slander.

We hold that there was no express or implied consent to the trial of the issue of whether particular statements of employees of S.S. Kresge Company were made, and if so whether they were defamatory. Rule 55.33(b) is not applicable to this case.

## II

■ Laying aside the question of the sufficiency of the petition, the evidence it-self in the trial of the case fails to show any cause of action which the plaintiff ever had against S.S. Kresge Company. The evidence consisted of reports of background investigation of plaintiff made by the U.S. Civil Service Commission, in connection with an application by plaintiff for employment by the Internal Revenue Service. There are in the documents several statements which attribute dishonest actions to plaintiff while he was in the employ of S.S. Kresge Company. In several instances the person making the statement is not identified and one cannot tell whether the person making the statement was in any way connected with the Kresge Company. In some instances, it is impossible to differentiate between conclusions of the investigator and statements of his informant. Plaintiff himself was quite vague as to which statements in the reports had defamed him. His attorney said, in a bench conference about the admissibility of the investigation reports:

They say he's apparently dishonest, they talk about, he lacks character development, his attitude about his job is not good, he took items without paying for it, you know, they're talking about small merchandise there, not money. They said there was no official document that he took the money, but he could have lived beyond his means. They made all sorts of slanderous statements about that poor man that would be actionable.

Even if the petition had stated a cause of action, there would have been no submissible case upon the evidence. If there is no submissible case, trial error is immaterial. The judgment of the trial court would be affirmed upon that most basic of propositions, that plaintiff made no submissible case against defendant. *Reed v. Sale Memorial Hospital and Clinic,* 698 S.W.2d 931, 933 (Mo.App.1985).

Judgment affirmed.

CLARK, C.J., concurs.

DIXON, J., concurs in result and files separate concurring opinion.

DIXON, Judge, concurring.

I reluctantly concur in the result. I do not agree with all of the statements in the majority opinion and write to state the bases for my agreement with the result and my disagreement with the majority's statements.

There is a single point on appeal. The plaintiff-appellant contends that the defendant-respondent consented to the trial of the case on the admittedly defective amended petition.

The record, as the majority opinion shows, contains continuing objections by the defendant to the validity of the petition and to the admission of evidence because of the pleading deficiency. The conclusion that the record does not support a "consent" by the defendant is correct and requires that we affirm.

My reluctance in concurrence arises from the actions of the trial judge, which I believe misled plaintiff's counsel concerning the trial of the issues.

The record in this case indicates that the trial commenced on April 9, 1984, which was a Monday. The first statement in the transcript after the jury was sworn and the opening statements were made is a recital by defendant's counsel. In that recital, the defense counsel states that the amended petition was filed April 4th, which would have been the preceding Wednesday. The recital continues that the defendant had filed a motion to dismiss on April 9th which challenged the failure of the amended petition to specifically allege the words of slander. Plaintiff's counsel rejoined by stating that the defendant had been offered a continuance to meet the amended petition. The trial court then said:

Well, I think I can clarify the record. I think the record should show that last Wednesday, I believe, the plaintiff tendered an amended petition. Defendant at the same hearing which was off the record voiced an objection to the plaintiff at that time listing an expert witness. The Court said—this has happened twice now in the last two weeks, either the plaintiff or the defendant, after the date

for continuance of the case have [sic] expired, after the Wednesday before the Monday set for trial, they've tendered expert witnesses. I didn't let the defendant do it last week and I won't let the plaintiff do it this week, or at any time in the future, because it places the other party at a total disadvantage in the trial of the case and necessitates a continuance in most instances, . . . .

After I indicated that I would not permit the plaintiff in this instance to call an expert, the defendant did not accept the offer, the continuance that the Court gave him to meet the amended petition. I indicated again yesterday in a hearing off the record, I thought some of the defendant's complaints against the petition were well taken, and that had a motion been filed—the same defect appeared in the first and second petition—had a motion to dismiss been filed back some two years ago, the Court would have given the plaintiff an opportunity to amend before striking the petition as the appellate courts have held should be done. Again, I offered the defendant that choice, and the defendant chose to go forward on the present petition based on the fact we will not have an expert in the case today.

So that's the reason that the proceedings are somewhat confused.

[DEFENSE COUNSEL]: Might I add, Judge, of course, we have filed an answer to plaintiff's amended petition and are prepared to go forward with that should the Court so order.

No such "order" was ever made; the court went on with the trial without any specific ruling on the motion to dismiss. Throughout the trial, the court summarily overruled the objections of the defendant to the admission of evidence of the slanderous statements on grounds the pleadings did not allege the slander. The plaintiff never attempted to clear up the question of the defendant's "consent" to try the issue.

I believe the trial court thought there had been an agreement, and I believe plain-

tiff thought so, too. The record, however, does not reveal any consent by the defendant's counsel and, in fact, reveals the contrary. Counsel and the trial court should have clarified the record.

I concur in result for the simple reason that plaintiff-appellant has not demonstrated a factual basis for his single point on appeal.

The statement in the majority opinion that the petition in a claim for legal malpractice must allege that the plaintiff *"could* have recovered a judgment in the action if it had been diligently prosecuted" is dicta and completely unnecessary to the opinion. *Johnson v. Haskins,* 119 S.W.2d 235 (Mo.1938), and *Fischer v. Vonck,* 614 S.W.2d 26 (Mo.App.1981), which are cited for the proposition, do not speak to a "recovery," but to the existence of a cause of action.

Part II of the majority opinion is completely unnecessary to the determination to be made in this case and constitutes only dicta on the supposed issue of the failure to make a case. There is no brief of respondent making such a claim.

In my view there was evidence of slanderous statements that would support a verdict for slander. The report of the investigation in evidence states that the information is attributable to the source unless otherwise indicated. The context of the report shows that the investigation occurred at the Jupiter Store where the plaintiff worked. The report stated in part:

> A few months after subject transferred ... heard from one of the firm's district managers that subject had been forced to resign his position at Kansas City when $1000 turned up missing from the "cash cage" while subject was there and presumably responsible for it. A second employee of the S.S. Kresge Company had later corroborated ... district manager's account of subject's leaving. [T]here was no official doubt that subject had taken the money, although whether or not it had been admitted or proved ... did not know, he indicated.

There could be no doubt that a person in authority had accused the plaintiff of theft of a substantial amount.