**James L. BOATRIGHT,**
**Plaintiff/Appellant,**

v.

**Charles M. SHAW, et al.,**
**Defendants/Respondents.**

No. 58018.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 26, 1990.

Rehearing Denied Feb. 7, 1991.

Walter Dakin Williams, St. Louis, for plaintiff/appellant.

James Jay Knappenberger, Clayton, for defendants/respondents.

GRIMM, Judge.

In his first amended petition, plaintiff James Boatright seeks damages for alleged legal malpractice. The trial court sustained defendants' motion to dismiss for failure to state a cause of action. Plaintiff appeals; we affirm.

In his sole point relied on, plaintiff contends his petition was improperly dismissed for failure to state a cause of action.

We first examine plaintiff's first amended petition. In the first three paragraphs, plaintiff alleges he hired defendants in 1974 to represent him in a claim against A. Brooks Company. Defendants filed a suit for plaintiff against Brooks in St. Louis County. The case was set for trial during the week of October 4, 1984; however, it was passed for settlement and $1,500 "was tendered to plaintiff as a complete settlement of the case."

The petition continues:

4. That said settlement was not authorized by plaintiff and he communicated his intention not to settle said lawsuit to defendants or their agents.

5. That said action on the part of defendants, or their agents, was negligent, improper and constituted malpractice for the following reasons:

(a) That neither the $1,500.00 settlement, nor the act of passing the case for settlement was authorized by the plaintiff.

(b) That plaintiff was never informed that the passing of the case for settlement would result in a dismissal of the case; that as a result of the passing for settlement entered herein the Circuit Court of St. Louis County entered a dismissal of the case for want of failure to prosecute; that said dismissal for want of failure to prosecute was a dismissal with prejudice and there was no explanation by defendants, or their agents, that said dismissal with prejudice would result in plaintiff's inability to refile his action, thus and thereby losing and depriving him of his original cause of action against A. Brooks Company, Inc.

(c) That defendants or their agents failed, neglected and refused to return the suit papers to plaintiff in case number 375896 after he had requested them, making it necessary for plaintiff to file a grievance with the Missouri Bar Administration in order to obtain said papers; that by the time said papers were obtained by plaintiff the case in question had been dismissed with prejudice, thus making it impossible for plaintiff to file his good and meritorious cause of action.

Paragraphs 6 and 7 allege damages.

We next observe that plaintiff's brief does not contain any authority which supports his allegation that the petition stated a cause of action. The argument portion of his brief is less than two pages, and the only cases cited are *Robinson v. De Weese,* 379 S.W.2d 831 (Mo.App.E.D.1964) and *Southwestern Bell Telephone Co. v. Roussin,* 534 S.W.2d 273 (Mo.App.E.D.1976). Neither case concerns malpractice or legal malpractice.

The four essential elements of a legal malpractice action are: "(1) that an attorney-client relationship existed; (2) that defendant acted negligently or in breach of contract; (3) that such acts were the proximate cause of the plaintiffs' damages; (4) that but for defendant's conduct the plaintiffs would have been successful in the prosecution of their [underlying] claim." *Togstad v. Vesely, Otto, Miller & Keefe,* 291 N.W.2d 686, 692 (Minn.Sup.Ct.1980), cited with approval in *Fischer v. Vonck,* 614 S.W.2d 26, 27 n. 1 (Mo.App.W.D.1981).

Plaintiff did not plead the fourth essential element, i.e. "that but for defendant's conduct [he] would have been successful in the prosecution of [his] claim [against A. Brooks Company]." As this court said in *Pool v. Burlison,* 736 S.W.2d 485, 486 (Mo. App.E.D.1987), "plaintiff must plead that, but for his attorney's inaction, he would have been successful in prosecuting his [underlying] claim." *See also Johnson v. Haskins,* 119 S.W.2d 235, 236 (Mo.Div. 2 1938) ("An attorney's failure to prosecute an action may not well be held the proximate cause of the loss, in whole or part, of a cause of action to a client not having a

cause of action."). Plaintiff's point is denied.

The judgment of the trial court is affirmed. Respondents' motion to dismiss frivolous appeal is denied.

PUDLOWSKI, P.J., and KAROHL, J., concur.