**Greg SCHER, Plaintiff–Appellant,**

**v.**

**Richard SINDEL, et al., Defendants–Respondents.**

**No. 60937.**

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 18, 1992.

Greg Scher, plaintiff-appellant acting pro se.

Richard Charles Wuestling, St. Louis, for defendants-respondents.

STEPHAN, Judge.

Greg Scher appeals from the judgment of the trial court dismissing his *pro se* petition against respondents "Richard Sindel, Sindel and Sindel, P.C. and John and Jane Does # 1–10, et al." upon a motion to dismiss for failure to state a claim. We affirm.

On review of a trial court's order dismissing a petition for failure to state a claim upon which relief can be granted, the pleadings are given their broadest intendment, all facts alleged are treated as true, and all allegations are construed favorably to plaintiff. *Stevenson v. City of St. Louis School District*, 820 S.W.2d 609, 611 (Mo. App.1991). However, the conclusions of the pleader are not admitted. *Id.* The same standard applies to petitions filed by

*pro se* litigants. *Howard v. Pettus*, 745 S.W.2d 821, 822 (Mo.App.1988).

In his *pro se* petition in a section captioned "STATEMENT OF THE CASE", appellant sets out about half a dozen paragraphs containing the following allegations of facts. Appellant is an inmate in a penitentiary in Jefferson City, Missouri. In January 1990, while incarcerated, appellant telephoned respondent Richard Sindel, an attorney, for the purpose of retaining Sindel in order to secure appellant's release from prison on house arrest. Respondent agreed and asked for $1,000.00 as a retainer to represent appellant.

Within three days of this conversation, Richard Sindel advised appellant that detainers had been lodged against appellant for two felony charges: one, in Florida for defrauding an innkeeper; the other, in St. Louis for tampering with evidence. Both detainers arose from circumstances surrounding the charges for which appellant had been imprisoned. Richard Sindel requested an additional $4,000.00 to resolve the detainers and secure appellant's house arrest. Richard Sindel received all payments for his retainer through Ms. Georganne Baker, appellant's then girlfriend who was acting as appellant's agent. Richard Sindel communicated with appellant directly only after first getting permission to do so from Baker. Appellant specifically alleged:

> Richard Sindel entered into a conflict of interest by accepting a retainer to represent plaintiff and then by expending time and money against that retainer to represent the interests of Georganne Baker even when those interests were clearly diametrically opposed to the interests of the plaintiff and served to act to plaintiff's detriment.

Appellant further alleged that, although an associate had disposed of the St. Louis County detainer, neither Richard Sindel nor his law firm had resolved the Florida detainer or effected appellant's release on house arrest or transfer to a minimum security unit. Appellant subsequently demanded an itemized accounting of the retainer fee paid. Richard Sindel wrote appellant telling him that Sindel would discuss the matter only with Georganne Baker and that Sindel was not employed by appellant. Appellant threatened to sue for a refund of the retainer paid. Respondents allegedly gave appellant's confidential files to postal authorities in order to have appellant prosecuted for making threats through the mail. Unsuccessful with that, respondents also contacted the parole board concerning cancellation of appellant's "presumptive release date of May 27, 1991", and, finally, respondents contacted the attorney general's office to have appellant placed into indefinite punitive confinement for warning respondents that he would sue them for refund of his retainer.

During indefinite punitive confinement, appellant was denied medical treatment for a urinary problem. His bladder subsequently ruptured requiring that appellant wear a permanently installed catheter and drainage bag for the rest of his life. Appellant concludes his "STATEMENT OF THE CASE" with a paragraph alleging that respondent Richard Sindel voluntarily appeared at a hearing in federal court in the case of *Scher v. Ashcroft* on Friday, March 15, 1991, without informing appellant and that Sindel testified concerning his employment contract with appellant as well as personal communications between them in violation of their attorney-client relationship.

After this lengthy statement of the case, appellant's *pro se* petition follows with his "GROUNDS FOR RELIEF," where he sets out thirteen separate counts against respondents. Counts one through seven state that respondents were guilty of legal malpractice because they (1) failed to secure his release on house arrest or his transfer to a medium security institution or to resolve the detainers outstanding against appellant; (2) represented appellant's girlfriend despite a conflict of interest with their representation of appellant; (3) violated appellant's attorney-client privilege by disclosure of appellant's confidential records to the postal inspection service; (4) violated appellant's attorney-client privilege by contacting the attorney general's

office resulting in appellant's placement into indefinite punitive segregation (5) violated appellant's attorney-client privilege by discussing appellant's confidential matters with his former girlfriend Georganne Baker; (6) violated the attorney-client privilege by contacting the parole board's chairman and disclosing confidential matters about appellant to the board; and (7) violated the attorney-client privilege by testifying in open court against appellant in a federal case appellant had filed.

Counts eight, nine and ten allege breach of contract for respondents' failure to effectuate: (1) appellant's release on house arrest, (2) the disposition of the outstanding detainers, or (3) the transfer to a minimum security prison. Count eleven alleges appellant suffered "grievous personal injury" by respondents having him placed into punitive confinement. Count twelve alleges appellant suffered "grievous emotional and mental distress" resulting from the harshened conditions of confinement, cancellation of his parole release date, and the physical injury and disfigurement he suffered. Count thirteen, his final count, alleges personal injury by respondents having appellant placed into punitive confinement resulting in the rupture of his bladder. Based upon the foregoing allegations, appellant's prayer sought $10,000 actual damages on each count; $100,000 punitive damages, payment of medical bills, a public apology published in the *St. Louis Post Dispatch* newspaper by way of a full page advertisement to run for fourteen days, full refund of his retainer, court costs, attorneys' fees and any other relief deemed proper.

Appellant raises two points on appeal. His first point disputes the dismissal of his *pro se* petition for failure to state a claim because his petition "clearly and concisely stated a cause of action for legal malpractice, breach of contract, personal injury, declaratory judgment, damages and all other necessary and appropriate relief." His second point states the dismissal was improper because all well-pleaded allegations must be taken as true and admitted to by defendants/respondents. The second point essentially echoes his first point and its

argument merely bolsters the argument in his first point concerning the sufficiency of his petition in stating a claim. Therefore, we treat both points together as raising the single issue concerning the sufficiency of his petition to withstand a motion to dismiss for failure to state a claim.

■ In the first seven counts of appellant's petition, he attempts to allege a claim for legal malpractice. The four elements of a legal malpractice action are (1) that an attorney client relationship existed; (2) that the attorney acted negligently or in breach of contract; (3) that such acts were the proximate cause of the plaintiff's damages; and (4) that, but for defendant attorney's conduct, the plaintiff would have been successful in the prosecution of the underlying claim. *Boatright v. Shaw*, 804 S.W.2d 795, 796 (Mo.App.1990). Similarly to *Boatright*, appellant here did not plead the fourth essential element. He did not allege that, but for respondents' conduct, appellant would have been successful in prosecution of his claim seeking the release of the detainer lodged against him by Florida authorities. Appellant did not allege that he would have successfully secured his release on house arrest or have been transferred to a medium security institution but for respondents' actions. His claim of legal malpractice predicated upon his allegations of a conflict of interest between respondents' representation of him and his girlfriend are purely conclusory and provide no legitimate basis for appellant's legal malpractice claim. Finally, the purported violations of the attorney-client privilege in counts two through seven by respondents' alleged disclosures to appellant's former girlfriend, the postal authorities, the attorney general's office, and the probation and parole board chairman and respondent's testimony during certain federal court proceedings are purely conclusory. While appellate courts accept as true all facts properly pleaded and all reasonable inferences therefrom in reviewing the granting of a motion to dismiss for failure to state a claim, *Madden v. C & R Barbecue Carryout, Inc.*, 758 S.W.2d 59, 61 (Mo. banc 1988), mere conclusions of the pleader are not admitted. *Ste-*

*venson,* 820 S.W.2d at 611. These bare allegations support no claim for legal malpractice.

Counts eight, nine and ten allege the respondents breached the contract entered into between appellant and respondents. Count eight states *in toto:*

> As a direct and proximate result of the defendants' actions, inactions and omissions, contract entered into between plaintiff and defendants has been breached. This deprivation arises from defendants' failure to effect plaintiff's release on house arrest or refund his money.
>
> Therefore, the plaintiff has suffered through defendants' breach of contract and he is entitled to recover.

Count nine is similarly phrased with the alleged breach of contract occurring when the respondents "failed to effect the final disposition of the outstanding detainers against the plaintiff or refund his retainer." Count ten alleges breach of contract because appellant "has suffered through the defendants' failure to have the plaintiff transferred to a minimum security prison or have his retainer reimbursed to him."

■ As a general rule, to state a cause of action for breach of contract, a plaintiff must allege: (1) an agreement between parties capable of contracting; (2) mutual obligations arising thereunder with respect to a definite subject matter; (3) a valid consideration; (4) part performance by one party and prevention of further performance by the other; and (5) damages measured by the contract and resulting from its breach. *Berra v. Papin Builders, Inc.,* 706 S.W.2d 70, 73–74 (Mo.App.1986). Appellant's pleading fails to meet these requisite elements.

■ In count eight, for example, appellant states that the "contract entered into between plaintiff and defendants has been breached." Such conclusion presumes the existence of the contract without setting forth its terms, or what mutual promises the parties made. His bare assertion that "he is entitled to recover" is wholly insufficient as pleading the requisite element of damages. Count eight with its factual allegation that defendant's "failure to effect

plaintiff's release on house arrest or refund his money", when broadly construed, may satisfy the element of defendant's breach, but falls far short of sufficiently pleading a cause of action under a breach of contract theory. Counts nine and ten suffer from similar infirmities.

The final three counts purport to raise a claim for personal injuries, with count twelve resembling a claim for negligent infliction of emotional distress. Count eleven of appellant's petition specifically alleges the following:

> As a direct and proximate result of the defendants' actions, inactions and omissions, plaintiff has suffered grievous personal injury by and through the defendants' having plaintiff placed into punitive confinement. This injury manifested itself when plaintiff was deprived of his liberty as a result of the defendants' actions against him. This constitutes an irreparable injury to the plaintiff and violation of due process and equal protection rights.
>
> Therefore, the plaintiff has been personally damaged by the defendants and he is entitled to recover.

In a similar vein, count twelve makes the single averment that "[a]s a direct and proximate result of the defendants' actions, inactions and omissions, plaintiff has suffered grievous emotional and mental distress due to his harshened conditions of confinement, cancellation of his parole release date and the physical injury and lifelong disfigurement and anguish he must go [sic] suffer." The count concludes that "plaintiff has suffered mental and emotional anguish and injury as a result of the defendants' actions and he is entitled to recover." Count thirteen echoes the first sentence of count eleven and then continues as follows:

> This injury manifested itself when plaintiff was deprived of medical treatment as a result of his harshened conditions of confinement wherein his bladder was allowed to rupture. Plaintiff must now suffer the agony of physical disfigurement and impairment for the rest of

his life as a direct and proximate result of the actions of the defendants.

Therefore, the plaintiff has been personally injured by the defendants and he is entitled to recover.

A petition seeking damages for actionable negligence must allege ultimate facts which, if proven, show (1) existence of a duty on the part of the defendant to protect plaintiff from injury; (2) failure of the defendant to perform that duty; and (3) injury to the plaintiff resulting from such failure. *Irby v. St. Louis County Cab Co.*, 560 S.W.2d 392, 394 (Mo.App.1977). Appellant's allegations in counts eleven, twelve, and thirteen fail to allege any facts which show the existence of a duty on the part of respondents to protect appellant from injury. The dismissal of counts eleven, twelve and thirteen was proper.

Accordingly, the judgment of the trial court is affirmed in all respects.

PUDLOWSKI, P.J., and CRIST, J., concur.