Trevor Gene THOMPSON, a minor, by his Next Friend, Roger Gene THOMPSON, Plaintiff–Appellant,

v.

George W. GILMORE, Jr., G. Weber Gilmore, Sr., Defendants,

and

Stephen L. Taylor and Rice P. Burns, Jr., Defendants–Respondents.

No. 19216.

Missouri Court of Appeals, Southern District, Division Two.

Nov. 30, 1994.

C.H. Parsons, Jr., Dennis P. Wilson, Parsons, Mitchell, Wilson & Satterfield, P.C., Dexter, for plaintiff-appellant.

Maurice B. Graham, Mike D. Murphy, Schnapp, Graham, Reid & Fulton, Fredericktown, for defendants-respondents.

PREWITT, Judge.

On June 14, 1994, this district filed an opinion reversing and remanding with directions. Thereafter, on June 28, 1994, this district denied respondents' motions for rehearing or to transfer to the Supreme Court. Respondents then filed an application for transfer with the Supreme Court. It sustained the application on August 15, 1994. On November 22, 1994, the Supreme Court entered the following order: "Cause ordered retransferred to the Missouri Court of Appeals, Southern District." With the addition of this paragraph the initial opinion is readopted. It is set out hereafter.

The petition alleged that plaintiff's mother was killed in a motor vehicle accident in

Tennessee and that the law partnership of Gilmore, Gilmore, Taylor & Burns, of which defendants were its partners, was employed to represent plaintiff to recover damages for the death of his mother. Plaintiff contends the firm failed to timely file the action, allowing a statute of limitation to bar his claim. Summary judgment was entered in favor of defendants-respondents Taylor and Burns, with the trial court finding that there was no just reason for delay, making that decision appealable. See Rule 74.01(b). Plaintiff appeals.

On appeal from summary judgment, this court reviews the record in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993). The party seeking summary judgment has to show a right to judgment based on undisputed facts. *Id.* at 378.

Plaintiff's mother was killed in an automobile accident on October 19, 1986. An affidavit of plaintiff's father states that an agreement to represent his son was made "by George and Weber Gilmore in behalf of the Gilmore, Gilmore, Taylor & Burns partnership." Apparently no action was filed in plaintiff's behalf, or if filed, was untimely.

Tennessee has a one year statute of limitations regardless of the plaintiff's or beneficiary's minority. See *Jones v. Black,* 539 S.W.2d 123 (Tenn.1976). Summary judgment was sought and granted on the basis that effective August 1, 1987, the partnership was dissolved. Respondents formed a separate partnership. They contend summary judgment was proper because they no longer practiced with defendants Gilmore on October 19, 1987, the date the statute of limitation ran on plaintiff's claim.

Legal malpractice can be based either upon negligence or breach of contract. See *Scher v. Sindel,* 837 S.W.2d 350, 353 (Mo. App.1992); *Boatright v. Shaw,* 804 S.W.2d 795, 796 (Mo.App.1990). The one-count petition alleged an agreement with defendants by which defendants "would take the necessary legal steps to protect and prosecute Plaintiff's claims" and "Defendants failed to take the necessary steps". Thereafter, a separate paragraph alleges negligence in allowing the statute of limitations to bar plaintiff's claim.

Construing the petition in favor of plaintiff, see *Killian Const. v. Jack D. Ball & Assoc.,* 865 S.W.2d 889 (Mo.App.1993), plaintiff asserts both breach of contract and negligence. As summary judgment was improperly granted on the contract theory of plaintiff's petition, it is not necessary to determine whether the negligence theory is barred due to the claimed dissolution of the partnership.

Appellant primarily relies upon *Bryant v. Hawkins,* 47 Mo. 410 (1871), and *Powell v. Roberts,* 116 Mo.App. 629, 92 S.W. 752 (1906). Those cases hold that dissolution of a partnership does not relieve a partner from prior contractual obligations.

Respondents refer to these cases as being "two ancient decisions … decided long prior to Missouri's adoption of the Uniform Partnership Act." Respondents state that those decisions are inconsistent with §§ 358.290, .300, .330 and .350, RSMo 1986 from the Uniform Partnership Law.

Respondents assert that "[t]he only modern case addressing this factual situation in Missouri is *Martin v. Barbour,* 558 S.W.2d 200, 209" (Mo.App.1977). *Martin* does not aid respondents, at least on contractual liability as it was a negligence action.

The law *Bryant* and *Powell* state is applicable today in Missouri and elsewhere. Under Missouri law, including the adoption of the Uniform Partnership Act, "dissolution does not relieve the partners from their liability for performance of contracts theretofore made." *City of North Kansas City, Missouri v. Sharp,* 414 F.2d 359, 366 (8th Cir.1969). See also *Missouri Valley Walnut Co. v. Snider,* 569 S.W.2d 324 (Mo.App.1978).

The rule that the dissolution of a partnership does not relieve a partnership member from liability on existing contracts is also the law elsewhere. See *Beane v. Paulsen,* 21 Cal.App.4th 89, 26 Cal.Rptr.2d 486 (1993); *Redman v. Walters,* 88 Cal.App.3d 448, 152 Cal.Rptr. 42 (1979); 68 C.J.S Partnership § 352 (1950); Robert W. Hillman, *Law*

*Firms and Their Partners: The Law and Ethics of Grabbing and Leaving*, 67 Tex. L.Rev. 1, 50–54 (1988).

The summary judgment in favor of respondents is reversed and the cause remanded to the trial court with directions that it set aside the grant of summary judgment, and deny respondents' motion for summary judgment, and for further proceedings.

FLANIGAN, P.J., and CROW, J., concur.