Frank Kevin POOL, Plaintiff-Appellant,

v.

Rex BURLISON, Defendant-Respondent.

No. 52684.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 21, 1987.

Motion for Rehearing and/or Transfer
Denied Aug. 21, 1987.

Application to Transfer Denied
Oct. 13, 1987.

Frank Kevin Pool, pro se.

Michael M. Flavin, St. Louis, for defendant-respondent.

PER CURIAM.

Plaintiff, Frank Kevin Pool, appeals the dismissal of his petition for legal malpractice against defendant, Rex Burlison, for failure to state a claim. We affirm.

In reviewing the dismissal in this case, we accept as true the facts as pleaded and all reasonable inferences arising therefrom. *Lynn v. T.I.M.E.—D.C., Inc.,* 710 S.W.2d 359, 360 (Mo.App.1986). If, viewed in this manner, the allegations invoke substantive principles of law, which if proved may entitle the pleader to relief, the petition should not be dismissed. *Id.*

The facts gleaned from plaintiff's *pro se* petition are as follows: Plaintiff previously filed an action in federal district court against the sheriff of Phelps County based upon 42 U.S.C. Section 1983. The crux of plaintiff's claim in that action was the inadequacy of the food provided him while he was incarcerated in the Phelps County Jail. Defendant was appointed counsel for plaintiff by the federal district court to pursue the appeal of that action. (It is not clear what precisely occurred at the district court level with regard to the action.) Defendant never filed an appeal, did not notify plaintiff of this fact, and did not formally withdraw from the case. As a result, plaintiff "lost his ability to appeal." In the present action, plaintiff seeks to recover damages for defendant's malpractice in the handling of the prior action. The trial court dismissed plaintiff's petition for failure to state a claim upon which relief can be granted.

■ In a case seeking to recover for legal malpractice, the existence of a causal connection between the lawyer's negligence and the plaintiff's loss and injury is a necessary element of plaintiff's cause of action. *State ex rel. O'Blennis v. Adolf,* 691 S.W.2d 498, 501 (Mo.App.1985). In the instant action, plaintiff bears the burden of establishing that there is a basis for a civil rights action against the sheriff in whose jail he was confined. *See, e.g., Fischer v. Vonck,* 614 S.W.2d 26, 27 (Mo.App.1981). Specifically, plaintiff must plead that, but for his attorney's inaction, he would have been successful in prosecuting his claim against the sheriff.

■ The only inkling of the basis for plaintiff's civil rights claim against the sheriff of Phelps County is contained in Paragraph 9 of plaintiff's petition. In that paragraph, plaintiff alleges the following: "One of the issues in the case was that plaintiff was not properly fed while in the custody of [the sheriff of Phelps County]. Another case filed comtemporaneous [sic] on that issue won on appeal and in the district court...."[1]

This bare assertion in Paragraph 9 is not a sufficient allegation that plaintiff would eventually be successful in his underlying action. Plaintiff pleads no facts as to the exact nature of the sheriff's actions which resulted in plaintiff's being "improperly fed." Plaintiff does not plead that his claim against the sheriff was meritorious. The statement that another prisoner was successful in another lawsuit on the issue of the unconstitutional deprivation of nourishment while incarcerated does not establish that plaintiff would also have been successful in an action based upon a similar theory. To conclude from Paragraph 9 that plaintiff's underlying action was meritorious is sheer conjecture. Plaintiff has failed to adequately plead that defendant's negligence proximately resulted in his injury. Plaintiff's petition was properly dismissed for failure to state a claim upon which relief can be granted.

1. In that action, the district court found that the conditions, as to food and clothing, at the Phelps County Jail were unconstitutional. The

The judgment of the trial court is affirmed.

All concur.

plaintiff's were each awarded damages of $100. *See Hazen v. Pasley,* 768 F.2d 226, 228 (8th Cir.1985).