John W. CAIN, Appellant,

v.

Edward J. HERSHEWE and Phillip A.
Glades, Respondents.

No. 15487.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 19, 1988.

Rehearing Denied Nov. 10, 1988.

John W. Cain, pro se.

Stephen H. Snead, Mann, Walter, Burkart, Weathers & Walter, Springfield, for respondents.

PER CURIAM.

Appellant John W. Cain was formerly licensed as a podiatrist in the State of Arkansas. The license was revoked and the revocation of the license was upheld on appeal. *Cain v. Arkansas State Podiatry Examining Board,* 275 Ark. 100, 628 S.W. 2d 295 (1982).

Cain filed this action in which he acts as counsel *pro se* against two Missouri attorneys, Edward J. Hershewe and Phillip A. Glades. He claims that in 1980 Hershewe and Glades were in partnership. According to the petition, Hershewe and Glades failed to proceed on appellant's behalf in claims he had against two Arkansas attorneys and failed to represent him in the proceedings relating to revocation of his Arkansas podiatry license after being employed to do so. The defendants filed a motion for summary judgment which was sustained. Cain now appeals.

Cain purports to raise five points on appeal. A review of the argument under those points discloses that the same essential complaint is made in four of the points. Each of the four points relate to the trial judge's failure to disqualify. The other point suggests that the trial judge did "not allow testimony provided in the affidavit" supplied by Cain in opposition to the motion for summary judgment and argues that the affidavit demonstrates there was a genuine issue of fact.

Cain's brief claims that the trial judge's law firm had formerly represented Cain in 1973 and Cain's wife in a 1974 divorce. He argues that these facts should have required the judge to disqualify himself.

The only reference to Judge Copeland's prior representation found in the legal file or transcript is a letter from Cain to the trial judge dated October 19, 1987. The letter makes reference to the first summary judgment which had been filed in this case on July 20, 1987. Cain's October 19, 1987 letter purports to confirm a discussion held on September 29, 1987, in which it was

brought to the judge's attention that the parties had not been notified of the filing of the first summary judgment. Cain's letter recounting the discussion reminds the trial judge that he indicated he would "make an entry and bring the above-styled case up to date" so Cain could appeal. On November 2, 1987, noting the absence of notice to the parties of the entry of the July 20, 1987 judgment, the trial judge set it aside. Rule 74.03.[1] The same judgment was re-entered on November 3, 1987.

In Cain's letter of October 19 recalling the conversation with the judge, he states as follows:

> At the same time I was also informed by you that you had been one of the attorneys against me in the case of Cain v Cain in 1974 and remained one of the Ex–Mrs. Cain's attorneys until you were elected to be a Judge. You have since disqualified yourself in the Cain v Buehner....

Nothing in the letter indicates that Cain desired the trial judge to disqualify himself in this case. The letter was sent many months after the motion for summary judgment had been under submission and after the trial judge had indicated how he intended to rule on that motion.

█ No application to disqualify Judge Copeland was filed in this case. None of the specific causes mandating disqualification without an application under Rule 51.-07 exist, nor do any of the specific causes for disqualification described in Rule 2, Canon 3(C) exist. The prior representation of a party by a judge or his law firm with regard to a matter unrelated to the litigation before him does not mandate disqualification, and a judge has an affirmative duty not to disqualify himself unnecessarily. *National Auto Brokers Corp. v. General Motors Corp.*, 572 F.2d 953, 958 (2d Cir.1978). In addition, there is nothing here to indicate that Judge Copeland's actions on the bench indicated an extrajudicial bias. If the judge was to be disqualified, it was discretionary. He cannot now be convicted of an abuse of discretion when

no request was made to exercise such discretion.

█ Cain argues that the representation of Cain and Cain's ex-wife by the trial judge's former law firm had served as a basis for disqualification of Judge Copeland in another case in which Cain was plaintiff. We, of course, do not take judicial notice of records in other cases and we limit our review to the record before us. *Smitty's Super Markets v. Retail Store, etc.*, 637 S.W.2d 148, 151 (Mo.App.1982). However, Cain's brief reports that a timely application to disqualify was filed in the other case, while here the first indication that Cain wanted the trial judge disqualified appears in his brief on appeal. A claim made for the first time on appeal that a judge should have disqualified on discretionary grounds cannot be characterized as timely. The trial judge's discretionary disqualification in another case did not disqualify him in this case.

█ Cain's other point suggests that there are genuine issues of fact left for determination and the trial court should not have granted summary judgment. When there is no theory within the scope of the pleadings, depositions, answers to interrogatories, admissions, and affidavits filed which would permit recovery, a defendant is entitled to a summary judgment. *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 244 (Mo. banc 1984); Rule 74.04(c). We review the record in a light most favorable to Cain. *Zafft v. Eli Lilly & Co., supra.* However, the facts set out in the affidavits filed in support of the motion for summary judgment which are not controverted by Cain's opposing affidavits are deemed admitted even if contrary to the pleadings. *Missouri Farmers Ass'n, Inc. v. Campbell*, 754 S.W.2d 596, 598 (Mo.App.1988); Rule 74.04(e).

Cain filed a three-count petition. Each count alleges indistinguishable facts but asserts the basis of liability in Count I is negligence, in Count II is breach of fiduciary duty, and in Count III is breach of contract. The pleadings assert that Her-

---

**1.** Rule references are to Missouri Rules of Court (19th ed. 1988).

shewe and Glades entered into a contract to defend Cain in the proceeding for revocation of his podiatry license in Arkansas and to pursue Cain's claims against two Arkansas attorneys, William Wilson and Bob Scott. The alleged fee for these services was a 50% contingent fee. The petition states that Hershewe and Glades violated their duties by failing to communicate, failing to defend the podiatry license revocation proceeding, failing to file lawsuits against Wilson and Scott, and making use of records relating to the license revocation proceeding against Cain in three medical malpractice suits filed in 1983. By way of damages, Cain claimed loss of income from the podiatry practice and loss of "settlement or judgment" against Wilson and Scott.

The excerpts from Cain's deposition attached to the motion for summary judgment are most revealing. In the deposition Cain asserts he had filed suit against both Wilson and Scott in federal court. Neither of those cases had been fully disposed of at the time of Cain's deposition. The suit against Wilson had been dismissed, but an appeal was pending. The suit against Scott was still before the federal district court. Cain testified that the basis of the claims against Wilson and Scott are "intentional tort, legal malpractice, conspiracy, fraud and deceit." He claims to have employed the defendants but admits that after approximately thirty days of a lack of response by Hershewe and Glades, he sought other counsel to represent him. Cain's deposition further discloses that the only records which he delivered to Hershewe were transcripts of a public hearing before the Arkansas Podiatry Board and a copy of the order of the Arkansas Podiatry Board. Cain never talked to Glades.

Hershewe and Glades attached affidavits to their motion for summary judgments. In the affidavits, they denied any representation of Cain on any legal matter in September of 1980 or at any other time. They specifically stated they had not entered into any contract or agreement to represent Cain. In a counteraffidavit filed by Cain's son, it is alleged that the son accompanied Cain to the Hershewe and Glades' office "for the purpose of effecting legal representation" and thereafter the son "witnessed a discussion" regarding legal representation.

Notwithstanding Cain's characterization of his claim, the conduct alleged against defendants is legal malpractice which is, by definition, any professional misconduct or unreasonable lack of skill or fidelity in professional and fiduciary duties by an attorney. Black's Law Dictionary 864 (5th ed. 1979). To recover for legal malpractice a plaintiff must establish the lawyer's negligence, some loss or injury, and a causal connection between the negligence and the loss. *Pool v. Burlison*, 736 S.W.2d 485, 486 (Mo.App.1987).

There are two reasons why Cain's claim against defendants for not suing Wilson and Scott fails. Where the claim is that an attorney was hired to prosecute or defend a claim, it must be established that the claim or defense was meritorious and would have been successful but for the attorney's misconduct. *Calhoun v. Lang*, 694 S.W.2d 740, 742 (Mo.App.1985); *Roehl v. Ralph*, 84 S.W.2d 405, 409 (Mo.App. 1935). Neither the deposition nor the pleadings set forth facts suggesting what misconduct, if any, was engaged in by Scott and Wilson giving rise to a "meritorious claim" that would have been successful if prosecuted.

There is a second reason why the defendants cannot now be held liable for failing to pursue the claim against Wilson and Scott. The record before us indicates that the underlying suits against Wilson and Scott remain pending. Cain may yet recover in those suits and may never suffer any damages. Thus, Cain cannot presently prove any damages flowing from the defendants' professional negligence and his suit against these defendants is premature. *Eddleman v. Dowd*, 648 S.W.2d 632, 633–34 (Mo.App. 1983).

We now turn to Cain's claim that the defendants failed to represent him in the proceeding for revocation of his license to practice podiatry in Arkansas. Cain was represented by Scott and Wilson in the

proceedings before the Podiatry Board and during his appeal of the Board's adverse decision in the Arkansas circuit court. While the record is unclear on this, it appears that when Cain allegedly contacted defendants, Scott and Wilson had been discharged and the only portion of the podiatry license proceeding remaining was the appeal to the Arkansas Supreme Court. About thirty days after Cain claims to have hired defendants, during which time there was no response to Cain's numerous phone calls, he sought other attorneys to represent him in the appeal. Cain hired a Kansas City law firm to handle the appeal to the Arkansas Supreme Court. In his deposition Cain admits he was satisfied with that representation. Because Cain was adequately represented in the appeal, there can be no causal connection between the loss of Cain's podiatry license and the failure of Hershewe and Glades to represent him in what remained of the Arkansas proceeding.

█ The other allegation in the petition is that Hershewe and Glades "used" materials provided to them by Cain against him in a 1983 medical malpractice suit. In his deposition, Cain admitted that the only thing he delivered to defendants was a transcript of a public hearing and a copy of an order of the Podiatry Examining Board which was also part of the public record. The records are open to public inspection. *See* Ark.Stat.Ann. §§ 25–19–101 to 107 (1987). The disclosure of a public record, if it occurred, was not a violation of an attorney's duty to protect the confidential communications of his client.

█ Arguably, an attorney may have a duty not to make adverse use of matters of public record which are communicated to him by virtue of the attorney and client relationship. That does not automatically translate into a cause of action for damages. Among the elements necessary to establish his claim, Cain is required to plead and prove what use was made of the license revocation proceeding records and what damages he sustained. Cain's pleadings and the deposition excerpt before us do not disclose the use made of the records

in the medical malpractice case or that he suffered any loss as a result of the use.

We conclude that the trial court did not err in entering summary judgment for the defendants. The judgment is affirmed.

All concur.