**John W. CAIN, Plaintiff–Appellant,**

v.

**Richard WEBSTER, et al.,
Defendants–Respondents.**

No. 15585.

Missouri Court of Appeals,
Southern District,
Division Two.

March 27, 1989.

Motion for Rehearing and Transfer Denied
and Overruled
April 18, 1989.

Application to Transfer Denied
June 13, 1989.

John W. Cain, pro se.

Robert W. Schroff, John G. Newberry, Schroff, Glass & Newberry, Springfield, for defendants-respondents.

## PER CURIAM:

By his petition the plaintiff, John W. Cain, seeks to recover damages from lawyers Richard Webster and William Webster because they did not represent him in a proceeding in which his Missouri license as a podiatrist was revoked. He also seeks to recover from lawyers Richard J. Collins and David W. Kinnard as associates of the Websters on the basis of vicarious liability. The defendants filed a motion to dismiss. Discovery, including depositions of the plaintiff and the two Websters, was had. The trial court treated the motion as a motion for summary judgment. Following a hearing, it sustained the motion and entered judgment for the defendants. The plaintiff appeals.

In the trial court and in this court the plaintiff has appeared pro se. "That, of course, is [his] right. [He is] bound, however, by the same rules and procedures as those admitted to practice law and [is] entitled to no indulgence [he] wouldn't have received if represented by counsel." *Boyer v. Fisk*, 623 S.W.2d 28, 30 (Mo.App.1981). Also see *Niemann v. Kasch*, 740 S.W.2d 706 (Mo.App.1987); *Johnson v. St. Mary's Health Center*, 738 S.W.2d 534 (Mo.App. 1987); *Mullen v. Renner*, 685 S.W.2d 212 (Mo.App.1984); *Shelton v. Julian*, 610 S.W.2d 129 (Mo.App.1980). To state a claim, a pro se litigant is required to plead facts which state a claim as a matter of law. *Mullen v. Starr*, 537 F.Supp. 945 (W.D.Mo.1982), *cert. denied*, 461 U.S. 960, 103 S.Ct. 2434, 77 L.Ed.2d 1320 (1983). These rules are particularly applicable in view of the plaintiff's experience in litigation. *Mullen v. Renner, supra.* See *Cain v. Scott*, 782 F.2d 1050 (8th Cir.1985); *Cain v. State of Arkansas and Arkansas State Podiatry Board*, 734 F.2d 377 (8th Cir. 1984); *Cain v. Arkansas State Podiatry Examining Board*, 275 Ark. 100, 628 S.W. 2d 295 (1982); *Cain v. Hershewe*, 760 S.W.

2d 146 (Mo.App.1988); *Cain v. Cain,* 546 S.W.2d 203 (Mo.App.1977); *Cain v. Cain,* 536 S.W.2d 866 (Mo.App.1976).

The plaintiff's petition is in three counts. In the first count the plaintiff alleged the defendants negligently breached their obligations as his lawyers. In the second count the plaintiff charges the defendants are liable because they breached their fiduciary duties to him. In the third count he alleges they breached their contract to represent him.

Each count is premised upon the same two basic allegations. First, in each count, he alleges the defendants Webster "entered into an oral agreement with plaintiff ... to proceed on plaintiff's behalf regarding plaintiff's defense of the Missouri Board hearings before the Administrative Hearing Commission." Second, he alleges in each count the defendants breached their duties in the following respects: (1) They did not maintain communication with the plaintiff nor did they return the plaintiff's telephone calls. (2) The defendants raised no defenses by association or otherwise regarding the claims and defenses defendants agreed to raise. (3) The defendants supplied then Attorney General Ashcroft and his assistants files and transcripts and records to use against the plaintiff and helped Administrative Hearing Commissioner Campbell write up his decision against the plaintiff in the proceeding to revoke his Missouri license. In each count he alleges that those breaches resulted in the loss of his Missouri license and the damages for which he seeks recovery.

■ Allegations (1) and (2) referred to above are allegations of conclusions. They do not aid the petition in stating a cause of action. *Goodson v. City of Ferguson,* 339 S.W.2d 841 (Mo.1960). They did not call for a response. *Landmark North County Bank v. National Cable Training Centers,* 738 S.W.2d 886 (Mo.App.1987). By their deposition testimony, the defendants Webster emphatically denied they agreed to represent the plaintiff. That testimony also established circumstances·corroborating that denial. Further, in unmistakable terms they denied supplying any doc-

uments or information to the office of the Attorney General or in assisting the Administrative Hearing Commissioner. The latter facts were also established by affidavits based upon the personal knowledge of the state officials who handled the proceedings that resulted in the revocation of the plaintiff's Missouri license. Such affidavits also established that in that proceeding the plaintiff was represented by Michael R. Thiessen of Brown and Thiessen, P.C., Suite 2121, 1100 Main St., Kansas City, Mo. and David M. Harding of Van Osdol, Magruder, Erickson & Redmon, 515 Commerce Bank Building, P.O. Box 13363, Kansas City, Missouri.

The plaintiff filed no affidavits or evidentiary material specifically opposing the deposition evidence and affidavits referred to above. He did not direct the attention of the trial court to contrary evidentiary material. He has not by his briefs referred this court to such contrary evidentiary material. The judgment of the trial court should be upheld upon the basis of that omission. *Landmark North County Bank v. National Cable Training Centers, supra;* *Hill v. Air Shields, Inc.,* 721 S.W.2d 112 (Mo.App.1986).

However, the deposition of the plaintiff was on file when the judgment of the trial court was entered. Also, the plaintiff had filed various affidavits in connection with other motions and aspects of the case. Contrary to the precept cited above, in view of the finality of the judgment of the trial court, this court has examined all evidentiary material contained in the record. Such examination reveals that the only evidentiary material to the effect that the defendants agreed to represent the plaintiff is an isolated answer by the plaintiff to a leading question given in the course of the taking of his deposition. It is not necessary to consider if plaintiff's testimony is so self-contradictory that it does not raise an issue of fact. See *Roehl v. Ralph,* 84 S.W.2d 405 (Mo.App.1935). Nor is it necessary to determine if that isolated statement, considered in the light of the entire record, is so inherently incredible or frivolous that it does not raise an issue of fact. See *Whit-*

*aker v. Coleman*, 115 F.2d 305 (5th Cir. 1940); *Barrett v. Craven County Board of Education*, 70 F.R.D. 466 (E.D.N.C.1976); *Waltz v. Cameron Mutual Insurance Co.*, 526 S.W.2d 340 (Mo.App.1975); 6 Moore's Federal Practice § 56.15[4] (2d ed.1976).

█ As stated, the plaintiff's petition seeks recovery for damages which accrued because of three alleged breaches of the defendants' duties as lawyers for the plaintiff. A petition must "contain (1) a short and plain statement of the *facts* showing that the pleader is entitled to relief ...." Rule 55.05 (emphasis added). Neither allegation (1) nor allegation (2) is an allegation of facts showing that plaintiff is entitled to the relief sought. *Landmark North County Bank v. National Cable Training Centers, supra.* Consequently, the sole basis for recovery alleged in the petition is allegation (3); i.e., the defendants supplied material to the office of the Attorney General and assisted the Administrative Hearing Commissioner in writing up his decision against the plaintiff. The defendants presented clear and unmistakable denials of this allegation by their own deposition testimony and the independent affidavits referred to above.

> As stated in Rule 74.04(e), when a motion for summary judgment is made and supported as provided, an adverse party may not rest upon the mere allegations or denials of his pleading, but must respond, by affidavit or otherwise, with specific facts showing there is a genuine issue for trial. Without a verified denial or counter-affidavits, the facts alleged in support are deemed admitted, *Scaife [v. Kansas City Power and Light Co.]*, 637 S.W.2d [731] at 733 [Mo.App.1982], even if contrary to pleading allegations, *Hoffman v. Franklin County Mercantile Bank*, 666 S.W.2d 446, 450 (Mo.App. 1984).

*Anderson v. Meglemre*, 738 S.W.2d 931, 933 (Mo.App.1987). The records are bereft of any evidentiary material opposing the defendants' deposition testimony and the affidavits cited by the defendants. That testimony and those affidavits provide unassailable proof the defendants breached no duty to the plaintiff. A summary judgment is proper when "the prevailing party has shown by unassailable proof, from which no genuine issue of material fact on any controlling issue exists, that as a matter of law judgment should be entered in his favor." *Bakewell v. Missouri State Employees' Retirement System*, 668 S.W. 2d 224, 226 (Mo.App.1984). "When there is no theory within the scope of the pleadings, depositions, answers to interrogatories, admissions, and affidavits filed which would permit recovery, a defendant is entitled to a summary judgment." *Cain v. Hershewe, supra*, at 148. The defendants in this case were entitled to a summary judgment upon that basis.

Moreover, the record demonstrates a judgment for the defendants was proper irrespective of the evidentiary material. "Review of a summary judgment is equivalent to review of a court-tried or equity proceeding and if, as a matter of law, the judgment is sustainable on any theory, it must be affirmed. *Snowden v. Northwest Missouri State University*, 624 S.W.2d 161, 165[1] (Mo.App.1981); *Flanary v. Rowlett*, 612 S.W.2d 47, 49[2] (Mo.App. 1981)." *McCready v. Southard*, 671 S.W. 2d 385, 387 (Mo.App.1984). "While Snowden's brief contends only that summary judgment was improper because facts relevant to his tenure consideration were disputed, *the dispositive issue here and, no doubt in the trial court, was whether the pleadings, affidavits and exhibits stated a cause of action for the relief prayed.*" *Snowden v. Northwest Missouri State University*, 624 S.W.2d 161, 166 (Mo.App. 1981) (emphasis added).

█ In addition to other elements, a petition for legal malpractice must allege a causal connection between a lawyer's breach of duty and the damages the plaintiff claims. *Cain v. Hershewe, supra; State ex rel. O'Blennis v. Adolf*, 691 S.W. 2d 498 (Mo.App.1985). "In a case seeking to recover for legal malpractice, the existence of a causal connection between the lawyer's negligence and the plaintiff's loss and injury is a necessary element of plaintiff's cause of action. *State ex rel. O'Blen-*

*nis v. Adolf,* 691 S.W.2d 498, 501 (Mo.App. 1985)." *Pool v. Burlison,* 736 S.W.2d 485, 486 (Mo.App.1987). "There is no allegation of any basis for a meritorious claim for damages against the railroad company, nor is there any allegation of what the defendant did or omitted which caused plaintiff's damage." *Fischer v. Dakopolos,* 614 S.W. 2d 22, 23 (Mo.App.1981) (footnote omitted), cert. denied, 454 U.S. 858, 102 S.Ct. 310, 70 L.Ed.2d 155 (1981).

> [I]t was essential that plaintiff show that he actually had a valid defense to the note which he might have supported by substantial evidence so as to have required its submission to the jury, and which, had the jury followed the law as it is to be presumed that they would have done, would have impelled the bringing in of a verdict in his favor.

*Roehl v. Ralph, supra,* at 409. Also see *Lange v. Marshall,* 622 S.W.2d 237 (Mo. App.1981); *Fischer v. Vonck,* 614 S.W.2d 26 (Mo.App.1981). "The object of pleading is to form specific and definite issues of fact." *Bergel v. Kassebaum,* 577 S.W.2d 863, 866–867 (Mo.App.1978). "The conclusions of the pleader are not to be considered in determining whether plaintiffs have stated a cause of action, ... because the averment of a legal conclusion is not a statement of an issuable fact and is to be treated as no statement at all." *Goodson v. City of Ferguson, supra,* at 845–846 (citation omitted).

Applying those principles to this case, the plaintiff was required to plead facts that established he had a defense to the charges that resulted in the revocation of his Missouri license. *Cain v. Hershewe, supra.* He did not do so. His petition failed to state a cause of action. "[The plaintiff] has not stated facts sufficient to establish a cause of action for breach of contract in his consideration for tenure. It appearing that [the plaintiff's] petition fully asserted all available facts and claims, judgment was appropriately entered for defendants as to the tenure consideration issue." *Snowden v. Northwest Missouri State University, supra,* at 168. The judg-

ment in favor of the defendants is affirmed.

All concur.