**Fairy R. BIRT, Appellant,**

v.

**CONSOLIDATED SCHOOL DISTRICT NO. 4, Dr. Tony L. Stansberry, Dr. Jim Bliss, Dr. James W. Chrisman, Roger D. Tisch, and Donald C. Earnshaw, Respondents.**

**No. WD 44446.**

Missouri Court of Appeals, Western District.

March 10, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 28, 1992.

Application to Transfer Denied June 2, 1992.

Fairy R. Birt, pro se.

Terry L. Karnaze, Kansas City, for Consolidated School Dist. No. 4, Dr. Tony L. Stansberry, Dr. Jim Bliss, Dr. James Chrisman, and Roger D. Tisch.

Jimmie D. James, Independence, for Donald Earnshaw.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

FENNER, Presiding Judge.

Appellant, Fairy Birt, appeals from the grant by the trial court of a Motion for Summary Judgment in favor of respondents, Consolidated School District No. 4 (CSD), and certain of its employees, Dr. Tony L. Stansberry, Dr. Jim Bliss, Dr. James Chrisman, Roger D. Tisch and Donald C. Earnshaw.

Ms. Birt has been employed for over 11 years by the Grandview Senior High School as a learning disabilities teacher. As a full time employee of the school district, Ms. Birt is a member of the Public School Retirement System, an actuarial reserve, joint contributing program, to which members and employers make matching contributions. § 169.030, RSMo 1986. Because of their employment with the School District, members contribute only to the Retirement System and do not contribute to the Social Security System. 26 U.S.C. § 418(d) (1988). Pursuant to her employment, Ms. Birt's yearly salary was paid in twelve monthly installments. From her wages, CSD withheld federal income taxes, state income taxes and her contribution to the Retirement System.

On June 26, 1986, Ms. Birt sent to CSD an "Asseveration in Lieu of Form W–4" in which she canceled and revoked any and all previously submitted Forms W–4. On September 30, 1986, Ms. Birt sent CSD a document which she entitled "Asseveration of Revocation and Rescission of Social Security Number and Other Forms and Documents for Cause" by which she revoked and rescinded her Social Security number, revoked her "contract" or "membership" with the federal government and renounced all government privileges and benefits. Ms. Birt apparently sent both "Asseveration" documents to CSD in an attempt to fulfill her religious beliefs which she claims prohibit any relationship with the federal government.

In response to her submission, Donald C. Earnshaw, attorney for CSD, sent a letter to Ms. Birt informing her that the School District would be required by law to withhold federal income taxes as if she were claiming zero dependents, since she no longer had a valid Form W–4. The letter also informed Ms. Birt that CSD would continue to use her Social Security number for purposes of identification when remitting the required tax payments and contri-

butions to the Retirement System. CSD continued to deduct federal and state income taxes from Ms. Birt's wages in the amount designated by federal and state statutes and regulations.

In September, 1989, CSD received a Notice of Levy from the Internal Revenue Service (IRS) demanding that CSD pay the sum of $126.70, as Ms. Birt had failed to pay said amount. CSD deducted the amount requested from Ms. Birt's wages and paid it to the IRS.

On November 7, 1989, Ms. Birt filed a Petition for Injunctive Relief with accompanying suggestions in support against CSD, seeking a temporary restraining order and/or preliminary injunction to enjoin CSD from withholding federal income taxes from her wages and from using and/or associating a Social Security number with her name. This action was assigned the number CV89–28377. On the same day, Ms. Birt filed a document entitled Complaint to Enforce Provisions of Contracts, To Enforce Due Process and To Recover Property Taken Through Acts of Fraud and Trespass, along with supporting suggestions, against CSD, Roger D. Tisch, Dr. Tony L. Stansberry, Dr. James Chrisman, Dr. Jim Bliss and Donald C. Earnshaw. In said Complaint, Ms. Birt complained about the withholding of federal and state income taxes, the use of her Social Security number in withholding such taxes and funds for the Missouri Retirement System and honoring the IRS Notice of Levy.

The trial court entered a Show Cause Order on November 14, 1989, directing CSD to show cause why the relief requested by Ms. Birt should not be granted. The Order also stated that the complaint and suggestions would be treated as exhibits in support of the petition for injunctive relief, as Ms. Birt had essentially combined two lawsuits in one filing.

On December 26, 1989, Ms. Birt sought leave to voluntarily dismiss her Complaint as to all individually named defendants. Pursuant to this request, the trial court entered an order dismissing said individually named defendants. Also, on December 26, 1989, Ms. Birt filed a second Complaint which listed all defendants formerly named in the first Complaint and added twenty-five "Doe" defendants. Ms. Birt asserted essentially the same allegations in her second Complaint as she did in her first Complaint. This second Complaint was assigned the number CV89–32689. Subsequently, the court ordered that Case numbers CV89–28377 and CV89–32689 be consolidated for all purposes.

It is noted that throughout the course of this litigation, as well as on appeal, the record reveals that Donald C. Earnshaw was individually represented by counsel. All other named defendants were jointly represented by separate counsel. On November 17, 1990, following the filing of answers, as well as Motions for Summary Judgment by all named defendants, the trial court entered an order sustaining the Motions for Summary Judgment as to all defendants in both numbered cases and overruled all other pending motions.

As best as can be determined, it appears Ms. Birt raises eight points on appeal. The *pro se* brief filed by Ms. Birt clearly evidences her lack of comprehension of well established principles of law. However, this court will attempt to address Ms. Birt's allegations of error, in an effort to better enable her to understand her misconceptions, and with the hope that she will discontinue her flagrant abuse of the legal system.

Ms. Birt's basic complaint is that she is not subject to the provisions of federal and state law which require withholding of income taxes. She also takes issue with the continued use of her Social Security number for identification purposes. She argues that summary judgment was improvidently granted with respect to all respondents as to this complaint.

Pursuant to Rule 74.04(c), summary judgment shall be entered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

■ Ms. Birt apparently believes, albeit mistakenly, that since she revoked her Forms W–4 and has denounced her U.S.

citizenship, CSD was without authority to withhold any amounts from her wages and that until she voluntarily signs a Form W–4 or files a Form 1040, she is a non-taxpayer, not subject to withholding of taxes. Ms. Birt claims herself to be governed by "natural law" and not subject to federal law, apparently by virtue of the fact that she believes she has revoked her "contract" or "membership" with the federal government. Thus, she argues that CSD has forced her to be a taxpayer in the absence of a contract. Ms. Birt's argument is completely and totally devoid of merit.

The withholding of federal and state income taxes is required by law. By withholding taxes from Ms. Birt's wages, CSD, as her employer, complied with its mandatory duty. 26 U.S.C. § 3402(a)(1) (1988) requires every employer making payment of wages to deduct and withhold upon such wages. Further, 26 U.S.C. § 3401(e) (1988) provides that if no withholding exemption certificate is in effect as required by § 3402(f)(2) (1988), then "the number of withholding exemptions claimed shall be considered to be zero." CSD acknowledges Ms. Birt's revocation of her Form W–4, but correctly informed her that under the circumstances, federal income taxes were required to be withheld as though she were claiming zero exemptions. Ms. Birt's attempt to hold CSD, and those acting on its behalf, liable for performing its legal obligation has no merit.

■ In addition, Ms. Birt was not entitled to injunctive relief. The Anti–Injunctive Act prohibits suits for the purpose of restraining the assessment or collection of any tax, as a matter of law. Pursuant to 26 U.S.C. § 7421(a) (1988):

> [N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

The appropriate method to challenge disputed sums of federal tax withheld is by way of a suit for refund filed with the Secretary of Treasury. 26 U.S.C. 7422 (1988). Ms. Birt has an adequate remedy

at law. Therefore, her requested equitable relief in the form of an injunction is inappropriate. *See, Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962).

■ Likewise, Ms. Birt is subject to withholding of state income taxes. Pursuant to § 143.011, RSMo 1986, a tax is imposed upon the income of every resident of the State of Missouri. Every employer must deduct and withhold from its employees' wages such amounts as are prescribed by regulations of the Director of Revenue. § 143.191, RSMo Supp.1991. Thus, as Ms. Birt's employer, the law mandates that CSD deduct and withhold state income taxes from her wages. Further, § 143.241, RSMo 1986, provides in pertinent part:

> No employee shall have any right of action against his employer in respect to any money deducted and withheld from his wages and paid over to the director of revenue in compliance or in good faith compliance with sections 143.011 to 143.-996.

Ms. Birt is statutorily prohibited from bringing a cause of action against her employer based upon withheld state taxes. Her remedy is by way of a refund suit. § 143.781, 143.841, RSMo Supp.1991.

■ Ms. Birt also argues that it was error for the trial court to grant summary judgment on her claim which sought compensatory and exemplary damages for and to enjoin CSD from using and associating a Social Security number with her name. Ms. Birt's claim seems to be that by revoking her "contract" with the federal government, she cannot be compelled to have a Social Security number.

Respondents correctly cite 26 U.S.C. 6109(b) (1988), which provides that a Social Security number shall be used as the tax identification number and Treasury Regulation § 31.6011(b)–2(a)(ii), which requires every employee subject to the withholding of income tax from wages to obtain a Social Security number. Additionally, Treasury Regulations § 31.6011(b)–2(c) and § 6109(a) require an employer to include the employee's tax identification number in

all records, returns, statements and documents of the employee.

Federal Regulations likewise mandate that every employee in a coverage group, such as Missouri's Retirement System, have a Social Security number. 20 C.F.R. § 404.1241 (1991). Records of all remuneration paid to all employees covered by funds such as the Retirement System, including any amount withheld as a contribution, must show the employee's name, address and Social Security number. 20 C.F.R. § 404.1225(a)(1) (1991). CSD is required by law to use Ms. Birt's Social Security number. No liability can attach for the use of said number.

■ Ms. Birt claims that the trial court erred by granting summary judgment on her claim that she is entitled to damages because respondents honored the IRS Notice of Levy.

Pursuant to an IRS Notice of Levy demanding the surrender of $126.70, CSD deducted said amount from Ms. Birt's wages. Apparently, Ms. Birt is under the mistaken belief that an IRS Notice of Levy is valid only in Washington, D.C., and other federal possessions because the federal government only has jurisdiction in these areas.

However, pursuant to 26 U.S.C. § 6331(a) (1988), all property and rights to property may be levied upon if one refuses or neglects to pay any tax. Ten days written notice is required before a levy may be made upon one's salary or wages under 26 U.S.C. § 6331(d)(2) (1988). Any person in possession of property or rights of property such as CSD herein, upon which a levy has been made, shall surrender such property or right to the Secretary of Treasury, according to 26 U.S.C. § 6332 (1988).

Once again, CSD was acting in accord with the mandate of law and is not subject to liability for so doing. There is no merit whatsoever to any of Ms. Birt's foregoing claims. Summary Judgment was providently granted.

■ Ms. Birt next argues that the trial court erred in consolidating cases CV89–028377 and CV89–032689 because said action denied her right to due process and equal protection.

Although this issue has not properly been preserved for appeal, ex gratia, this court finds no error occurred by reason of the trial court's consolidation. Pursuant to Rule 66.01(b), the trial court may order all civil actions consolidated which involve common questions of law or fact. A review of the record clearly reveals that both cases involved common questions of law and fact. Ms. Birt was given an opportunity to proceed and her claims, although baseless, were properly considered and rejected by the trial court. This allegation of error is rejected as wholly devoid of merit.

■ Ms. Birt next argues that the trial court erred in denying her motion to amend her complaint to add necessary parties and her motion to make supplemental pleadings in case No. CV89–32689. The parties Ms. Birt sought to add were former members of the Board of Education, the insurance company providing coverage to CSD and its agents, counsel for the School District, the Public School Retirement System of Missouri and its executive secretary, David Mustoe and the State Commissioner of Education. However, the claims sought to be asserted against these parties were, for reasons previously discussed, without merit. The denial of Ms. Birt's motion to add parties was properly denied.

Ms. Birt's motion to supplement the pleadings was also properly rejected. Her request involved the assertion of claims regarding contracts and paychecks signed or issued since the date of the prior pleading. However, these claims were the same as those previously asserted and like those previously asserted were properly denied. No error occurred. Ms. Birt's claim is thus, denied.

■ Ms. Birt also asserts errors with regard to respondent, Earnshaw, which are taken up separately. She argues that the trial court erred in granting summary judgment in favor of respondent, Earnshaw. Apparently, she claims that Mr. Earnshaw conspired with CSD to deprive her of her property by giving requested legal advice to CSD relating to her withdrawal of her Social Security number and Forms W–4.

A review of the record indicates that Mr. Earnshaw provided legal advice to CSD. In response, CSD acted properly in accordance with said advice and as required by law. A civil conspiracy requires an agreement or understanding between persons to do an *unlawful* act or use *unlawful* means to do a lawful act. *Ritterbusch v. Holt,* 789 S.W.2d 491 (Mo.banc 1990). (Emphasis added).

The record is totally lacking of any evidence whatsoever to indicate that any conspiracy occurred. There was absolutely no unlawful activity which occurred. Summary judgment was properly granted with respect to Mr. Earnshaw.

Mr. Earnshaw is the only party who has filed a motion pursuant to Rule 84.19 requesting the assessment of damages against Ms. Birt for frivolous appeal. Mr. Earnshaw requests the sum of $3,221.00 in attorney's fees. Rule 84.19 provides:

> If an appellate court shall determine that an appeal is frivolous it may award damages to the respondent as the court shall deem just and proper.

A frivolous appeal presents no justiciable question and, on the face of the record, has no merit and thus holds little prospect for success. *White v. Mid–Continent Investments, Inc.,* 789 S.W.2d 34, 41 (Mo.App. 1990). As in *White,* "[t]he record in this case presents a picture of studied and persistent dissemblance, the kind of misconduct that ... 'equity will not tolerate and delights to remedy.'" *Id.* (citation omitted). Also as in *White,* this appeal is wholly lacking in merit and constitutes an abuse of the process of this court and our system of civil justice. *Id.*

In this appeal, as well as at the trial court level, Ms. Birt has raised claims without basis in law and contrary to well established principle and policy of the legal system. Her concocted arguments, based upon her mistaken belief that the law which applies to all citizens should somehow not apply to her, lack legal foundation and are devoid of merit. This court holds Ms. Birt has willfully abused the right to appeal, thus depriving the trial court, this court and respondent, Mr. Earnshaw of precious time and money. Accordingly, in response to his motion, damages in the amount of $3,221.00 are assessed against her.

This court is not unmindful or unsympathetic to Ms. Birt's religious beliefs. However, to the extent that these professed religious beliefs are in contravention of laws and regulations binding on all citizens, and the law places no undue burden on these religious beliefs, they must give way. It is Ms. Birt's option to be an employee, subject to federal and state laws. By virtue of the fact that she remains employed, she remains subject to the governing laws with respect to the withholding of taxes. Her claims, on the basis of religious belief, or otherwise, have no foundation.

The trial court did not err for any reasons set forth by Ms. Birt. The judgment is, in all respects, affirmed. Damages in the amount of $3,221.00 are assessed against Fairy Birt to the benefit of Donald C. Earnshaw pursuant to Rule 84.19.

All concur.