**SUELTHAUS & KAPLAN, P.C., Plaintiff/Respondent,**

v.

**BYRON OIL INDUSTRIES, INC., Defendant/Appellant.**

No. 61777.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 29, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 4, 1993.

Application to Transfer Denied March 23, 1993.

Lawrence J. Fleming, St. Louis, for defendant/appellant.

R.C. Wuestling, Richard C. Bresnahan, St. Louis, for plaintiff/respondent.

GRIMM, Judge.

The Suelthaus & Kaplan law firm sought to recover fees for legal services rendered to its client, Byron Oil Industries, Inc. Client counterclaimed alleging legal malpractice. The trial court dismissed client's counterclaim for failure to state a cause of action. Pursuant to Rule 74.01(b), it made an express determination that there was no just reason for delay in making the order final for appeal purposes. Client appeals; we reverse and remand.

### I. Jurisdiction of Appeal

Before addressing the merits presented by the appeal, we must resolve a jurisdictional question. Law firm contends that client's notice of appeal was not timely filed because it was filed more than ten days after the trial court's order was entered. Therefore, law firm alleges, we have no jurisdiction to hear this appeal.

On the other hand, client contends that the notice of appeal was filed within forty days. Thus, the notice was timely because of the "30 plus 10" rule, referring to Rules 81.05(a) and 81.04(a).

The trial court dismissed client's counterclaim in an order dated March 12, 1992. Client filed its notice of appeal on April 2, 1992, approximately 21 days after the order was entered.

Rule 74.01(b) governs judgments where, as here, multiple claims are involved. When more than one claim is pending, any trial court order that does not dispose of all claims is subject to revision unless "an express determination [is made] that there is no just reason for delay." *Id.* In the

absence of such an express determination, any order subject to Rule 74.01(b) is not a judgment that is final for appeal purposes. *See In re Estate of Caldwell*, 766 S.W.2d 464, 466 (Mo.App.E.D.1989).

Conversely, by making such an express determination, Rule 74.01(b) provides the trial court "may enter a judgment." Here, the trial court expressly found there was no just reason for delay. As a result, the order is a judgment and is appealable.

Law firm contends that the order became final for appeal purposes on the date the order was entered. In support, law firm relies on *Essex Contracting, Inc. v. City of Desoto*, 775 S.W.2d 208 (Mo.App.E.D.1989). Law firm refers to this passage in *Essex:*

> The judgment of May 23, 1988, became final for purpose of appeal on September 27, 1988. On that day the court made an express determination that there was no just reason for delay in entering the judgments.

*Id.* at 212.

In *Essex,* this court noted "there is a question of finality of judgment for purposes of appeal." *Id.* In answering that question, we said the judgment "became final for purpose of appeal" in September. That statement, however, was made in the context of whether the judgment was final for purpose of appeal, not whether a notice of appeal was timely.

Rule 74.01(b) permits a trial court to "enter a judgment." Rule 75.01 grants the trial court "control over judgments" for the thirty-day period after entry of judgment. Nothing in the Rules indicates Rule 75.01 does not apply to Rule 74.01 judgments.

Further, Rule 81.05(a) specifically provides that for appeal purposes, "a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed." Nothing in the Rules indicates Rule 81.05(a) does not apply to Rule 74.01 judgments.

In addition, Rule 81.04(a) gives a party "ten days after the judgment or order appealed from becomes final" to file a notice of appeal. Thus, client's notice of appeal was filed well within the time allowed. We have jurisdiction.

## II. Background

On the dismissal of a pleading for failure to state a cause of action, our standard of review requires us to accept as true the facts as pleaded and all reasonable inferences arising therefrom. *See, e.g., Pool v. Burlison*, 736 S.W.2d 485 (Mo.App.E.D. 1987).

Client alleges that in 1986 it employed law firm to represent it on claims against the United States for a refund of overpayments of its 1981 and 1982 Windfall Profit Tax. Law firm assigned the case to lawyer, one of its members.

In March, 1987, law firm filed a complaint against the United States on client's behalf. Lawyer and law firm appeared as attorneys of record for client.

In July, 1989, lawyer withdrew from law firm, taking client's case with him. After his July, 1989 withdrawal from law firm, lawyer was solely responsible for client's case.

In May, 1990, client hired the Popkin & Stern law firm to represent it in its refund claims against the United States. Popkin & Stern discovered that thousands of client's records available to substantiate its claims had not been furnished to the government. When Popkin & Stern attempted to supply the missing documentation, the government filed a motion in limine to exclude it. After the trial judge indicated she "was inclined" to rule in the government's favor on the motion in limine, the government offered to settle for 25% of the amount client claimed; client accepted.

## III. Client's Counterclaim

Rule 55.05 requires that a pleading set forth "a short and plain statement of the facts showing that the pleader is entitled to relief...." A trial court should deny a motion to dismiss for failure to state a claim when, even "if imperfectly or defectively stated, ... the pleader's allegations invoke principles of substantive law which

might entitle him to relief." *B.L. Jet Sales, Inc. v. Alton Packaging Corp.*, 724 S.W.2d 669, 671 (Mo.App.E.D.1987).

■ The pleader does not need to allege evidentiary facts; he must allege ultimate facts and cannot rely on mere conclusions. *Bennett v. Mallinckrodt*, 698 S.W.2d 854, 865 (Mo.App.E.D.1985). While the pleader must plead ultimate facts, it is not necessary to "plead the facts or circumstances by which the ultimate facts will be established to avoid a motion to dismiss." *Hohenstreet v. Sterling Nat'l Land Co.*, 706 S.W.2d 80, 83 (Mo.App.E.D.1986). Therefore, we examine client's pleading to determine whether it made a "short and plain statement" of fact concerning each of the elements of legal malpractice.

"The four essential elements of a legal malpractice action are: '(1) that an attorney-client relationship existed; (2) that [the attorney] acted negligently or in breach of contract; (3) that such acts were the proximate cause of the [client's] damages; (4) that but for [the attorney's] conduct the [client] would have been successful in the prosecution of [the] [underlying] claim.'" *Boatright v. Shaw*, 804 S.W.2d 795, 796 (Mo.App.E.D.1990) (quoting *Togstad v. Vesely, Otto, Miller & Keefe*, 291 N.W.2d 686, 692 (Minn.1980)).

We turn to the pleading at issue, viewing it in the light most favorable to client. *See, Y.G. v. Jewish Hosp. of St. Louis*, 795 S.W.2d 488, 494 (Mo.App.E.D.1990). Our review is limited to the pleadings. *See First Baptist Church of Jefferson City v. Bybee Church Organs*, 789 S.W.2d 829, 830 (Mo.App.E.D.1990).

Law firm does not dispute that the pleading adequately alleges the first element, that an attorney-client relationship existed. Thus, we turn to the second element, that the attorney acted negligently.

■ The pleading alleges law firm was negligent in (1) assigning lawyer to handle client's case because lawyer was not experienced in litigation and did not have the background or expertise to handle client's matter, (2) failing to engage a competent consultant or co-counsel, and (3) failing to assign sufficient personnel to conduct the necessary review and assembly of documents. In addition, the pleading alleges law firm and lawyer were negligent in failing to (1) advise and direct client to provide the documents in its files to substantiate its claim, (2) comply with court imposed discovery deadlines, (3) designate an expert witness to testify concerning technical accounting issues, and (4) take the depositions of IRS agents. These allegations satisfy the second element, that law firm acted negligently.

We turn to the third element, that the negligent acts were the proximate cause of client's damages. The pleading alleges that the negligent acts and omissions of law firm and lawyer "are, in combination, the direct and proximate cause of the damage to [client]."

In addition to that conclusion, as previously mentioned, the pleading alleges "thousands of canceled checks and/or invoices which significantly substantiated [client's] overhead expenses were available but had not been supplied" to the government. The trial judge informed the parties that she was "inclined to rule in favor of the [government on its motion in limine] because of the protracted discovery period and [client's] dilatory practices with respect to its discovery responsibilities." The pleading continues by alleging that without the admission of that evidence, client would be prevented from carrying its burden of proof. As a result, it was reasonable and prudent to accept the offered settlement. The pleading was sufficient to satisfy the third element.

The fourth and last element is that but for law firm's conduct, client would have been successful in the prosecution of its refund claim. Client's pleading alleges that if "substantiation and expert testimony had been timely provided by [law firm and lawyer] so that [client] met its burden of proof early in the case, [client] would have been able to recover all or substantially all of the claimed amounts." The reduced amount client received was "a direct result of the negligent manner in which [law firm and lawyer] represented [client]."

The pleading was sufficient to satisfy the fourth element.

 Law firm argues that client's counterclaim fails to state a claim because it failed to allege causation. Law firm argues client did not plead causation because it lost control of the case when lawyer left the firm, taking the file with him.

In addition, law firm argues it is insulated because Popkin and Stern, who ultimately settled the case for client, was able to supply all the documentation law firm had failed to supply while it had control of the case. Essentially, law firm argues that because two other attorneys/law firms handled this case after it did, its negligence, if any, can no longer be attributed as a cause of client's damages.

In support of its argument, law firm cites *Friesens, Inc. v. Larson,* 438 N.W.2d 444, 445 (Minn.App.1989), *rev'd,* 443 N.W.2d 830 (Minn.1989). *Friesens* is a legal malpractice action that involved successive attorneys. It is neither applicable nor persuasive because the issue in *Friesens* was not whether the pleading stated a cause of action. Rather, the question was whether a summary judgment was properly entered. The Minnesota Supreme Court found "the record persuades us that there exist no genuine issues of material fact." *Id.,* 443 N.W.2d at 831.

As noted earlier, our review of a motion to dismiss for failure to state a claim is limited to the pleading. A review of summary judgment is not similarly limited. *See* Rule 74.04. Based on our review of the pleadings, we cannot say that law firm's alleged negligence had no causal connection to client's damages.

Law firm also alleges that because client is "satisfied with Popkin & Stern's representation, there can be no causal connection between the settlement of the case and [law firm's] alleged failures." In support of its position, law firm cites *Cain v. Hershewe,* 760 S.W.2d 146 (Mo.App.S.D.1988).

*Cain* is not applicable. As with *Friesens, Cain* involved a summary judgment, rather than a motion to dismiss for failure to state a claim. *Cain* is also factually distinguishable because there the law firm denied any representation of Cain.

Client's counterclaim adequately pleads all the required elements for a cause of action for legal malpractice. Therefore, the trial court's judgment is reversed and the cause is remanded.

CRANDALL, P.J. and PUDLOWSKI, J., concur.