**Michael R. BABCOCK, Plaintiff–Appellant,**

v.

**KTVI–TV, INC., et al., Defendants–Respondents.**

**No. 64682.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 29, 1994.

Michael R. Babcock, pro se.

Lewis, Rice & Fingersh, John M. Hessel, Elizabeth W. Lane, St. Louis, for respondent.

PUDLOWSKI, Judge.

Appellant filed his *pro se* petition and amended petition as more fully set out hereinafter. Respondents filed their motion to dismiss appellant's amended petition asserting, among other reasons, that appellant failed to state a claim for which relief could be granted. Upon hearing, the trial court granted the motion to dismiss with prejudice.

Appellant filed his *pro se* appeal alleging that the trial court erred "when it determined it had no subject matter jurisdiction." A review of the legal file shows that the trial court's order avers that "the defendants' motion to dismiss, called and granted, plaintiff's cause dismissed with prejudice."

To appreciate the nature of appellant's claim, we set out his petition and "amendments" verbatim.

PETITION

Comes now the Plaintiff, Michael R. Babcock, in propria persona sui juris to compel damages from the Defendants on the following grounds of law and fact:

1. Defendants did take from Plaintiff an unlawful amount of withholding taxes, including Federal, Missouri, Social Security, Medicare, and St. Louis City;

2. That Defendants were appraised of their errors, given a proper notice, and requested the Defendants to comply with Plaintiff's request (see exhibit A);[1]

3. Citations of law were offered to Defendants for their counsel, attorney(s) and associates consideration and the same were rejected;

4. The Internal Revenue Code, regulations, and publications thereunder, contain specific provisions for acquisitions of authorization to withhold;

5. That Defendants have failed to perform their duty in accordance with the above mentioned Code and regulations;

6. That the Defendants, have therefore, been properly notified to perform in accordance with the law and have assumed unlawful jurisdiction over the Plaintiff's property, under color of law;

7. Plaintiff prays to God Almighty that he moves this Honorable Court, herein, and that a judgment in the Plaintiff's favor and against the Defendants, jointly and severally, be entered for the return of unlawfully extracted property;

8. That upon judgment in favor of Plaintiff;

 (a) that Defendants shall be ordered to recompense, in full, property estimated at $120,000.00 and may be more subject to discovery to determine a more accurate amount;

 (b) that Defendants shall pay all Plaintiff's legal fees and expenses incurred for this litigation;

1. The legal file which contained plaintiff's peti-tion did not have attached to it exhibit "A."

(c) due to the continuedly and continuingly damage by Defendants consistent failures of duty a nominal penalty on the part of the Defendants, suggested in the amount of $360,000.00 minimum or as much as $840,000.00, or an amount as this Honorable Court determines as might serve justice;

(d) an injunction enjoining Defendants from continuing their unlawful withholding;

(e) a declaratory judgment declaring the status of the Plaintiff, i.e., a natural born Sovereign Missouri Citizen;

(f) that the Defendants shall seek its own indemnification by action in the Court of Claims of the Federal United States under 26 U.S.C. §§ 1461 and 3102(b) as applicable jointly or severally;

(g) such other relief as this Honorable Court may deem just and proper.

### AMENDMENTS [2]

COMES NOW the Plaintiff in the above styled cause to amend the original Petition as per Missouri rule 55.33;

1a. Defendants did not have an agreement with Plaintiff to withhold the amounts in question.;

2a. That Defendants have no statutory authority to enable them to render to or to pay less.;

3a. Defendants became knowledgeable of their misrepresentation when Plaintiff appraised them of their errors.;

3b. Defendants required numbers and signatures from Plaintiff, upon forms, as a requisite for hiring, i.e. they represented themselves as agents.;

3c. Plaintiff believed the Defendants to be who they represented and believed the Defendants knew what they were doing and so acted in accordance to the Defendants request for performance. Plaintiff did not know "what was required by them (Defendants)".;

6a. Plaintiff has continuedly and continuingly loss of property because of his reliance upon Defendants' misrepresentation. . . .

Respondents' motion to dismiss and memorandum in support attacked Babcock's petition on the following grounds: (1) lack of subject matter jurisdiction; (2) lack of jurisdiction over labor contract governed by National Labor Relations Board; (3) failure to plead fraud with requisite particularity; (4) failure to state a claim; and (5) failure to join a necessary and indispensable party. The trial court heard respondent's motion to dismiss and granted the motion without stating any reason.

In appellant's "motion for rehearing" filed with the trial court, he prayed the court to set aside the judgment because the court averred that it had no jurisdiction because of the subject matter.

From the paucity of appellant's brief we derive that he is an employee of respondent KTVI–TV. The other respondents are employees of KTVI–TV, who directly or indirectly administer the withholding of employee's federal and state income taxes, social security, Medicare and St. Louis taxes from employee's earnings.

In his statement of facts, appellant claims "the charges [in his petition] consists of two points: Did the [r]espondents fulfill their duty and perform under proper authority to act for foreign and domestic principals? Are the [r]espondents registered with the Secretary of State as foreign agents operating within the State of Missouri?" Appellant then concludes that "the respondents are charged with fraud through misrepresentation due to no authorization to act for any principal." Appellant asserts that "they acted upon their own and as such acted as their own agents under color of law" and as a result. appellant was damaged.

When a trial court does not state its reason for dismissal, we will affirm the judgment if any ground asserted in defendant's motion is valid. *Aiello v. St. Louis Community School Dist.*, 830 S.W.2d 556, 558 (Mo.App.E.D.1992). As is his right, appellant appeared *pro se* in this court and in the trial court. He is, however, bound by the

---

**2.** The trial court considered and appellant contended this document as a first amended petition.

same rules and procedures as those admitted to practice law. *Cain v. Webster,* 770 S.W.2d 327, 328 (Mo.App.1989) (citations omitted). To state a claim, a *pro se* litigant must plead facts which state a claim as a matter of law. *Id.* In determining the sufficiency of a petition to state a claim, conclusions of the pleader are not considered. *Friedman v. Edward L. Bakewell, Inc.,* 654 S.W.2d 367, 368 (Mo. App.1983).

■ Simply put, appellant believes that all of the respondents committed fraud by withholding funds from his pay check without specific authority of federal, state and local governments. The Western District recently considered an appellant's claim that her employer wrongfully withheld federal and state taxes because she had revoked her Forms W–4 and denounced her U.S. citizenship. *Birt v. Consolidated School Dist. No. 4,* 829 S.W.2d 538, 542 (Mo.App.1992). Appellant "apparently" revoked her Forms W–4 "in an attempt to fulfill her religious beliefs which she claims prohibit any relationship with the federal government." *Id.* at 540. In rejecting her argument, the Western District stated "[t]he withholding of federal and state income taxes is required by law. By withholding taxes from [appellant's] wages, CSD [respondent], as her employer, complied with its mandatory duty. 26 U.S.C. § 3402(a)(1) (1988) requires every employer making payment of wages to deduct and withhold upon such wages." *Id.* at 542.

The court also stated:

... [appellant] is subject to withholding of state income taxes. Pursuant to § 143.-011, RSMo 1986, a tax is imposed upon the income of every resident of the State of Missouri. Every employer must deduct and withhold from its employees' wages such amounts as are prescribed by regulations of the director of Revenue. § 143.-191, RSMo Supp.1991. Thus, as [appellant's] employer, the law mandates that CSD deduct and withhold state income taxes from her wages. Further, § 143.241, RSMo 1986, provides in pertinent part:

'No employee shall have any right of action against his employer in respect to any money deducted and withheld from his wages and paid over to the director of revenue in compliance or in good faith compliance with sections 143.011 to 143.-996.' Appellant is statutorily prohibited from bringing a cause of action against her employer based upon withheld state taxes. § 143.781, 143.841, RSMo Supp.1991.

*Id.*

In the present case, appellant also claims respondents wrongfully withheld social security and city taxes. The withholding of social security and city tax is required by statute and ordinance respectively. 26 U.S.C. §§ 3101, 3102 (1988); § 5.22.060(a)(b) R.C. St. Louis 1980 Anno. (as amended). It is appellant's option to be an employee, subject to federal, state and local laws. By virtue of the fact that he remains employed, he remains subject to the governing laws with respect to the withholding of funds. *Birt,* 829 S.W.2d at 544. As in *Birt,* appellant's attempt to hold the employer, and those acting on its behalf, liable for performing its legal obligation is without merit. *Id.*

For the aforementioned reasons we find that the trial court could have properly determined, as its cause to dismiss appellant's petition, that the appellant failed to state a cause of action. We, therefore, affirm the trial court's judgment.[3]

■ Respondents have filed a motion pursuant to Rule 84.19 for assessment of damages against appellant for frivolous appeal. Rule 84.19 permits an appellate court to award damages to the respondent if it deems an appeal is frivolous. A frivolous appeal presents no justiciable question and, on the face of the record, has no merit and thus holds little prospect for success. *Means v. Sears, Roebuck and Co.,* 550 S.W.2d 780, 789 (Mo. banc 1977).

In addressing a frivolous appeal, our Western District Colleagues made the following comments which are applicable to the pres-

---

**3.** Appellant's five page brief fails to comply with certain provisions of Rule 84.04. The brief contains arguments which are difficult to understand. We, however, choose to address his ap-

peal in the hope that he will discontinue his abuse of the legal system. *Birt,* 829 S.W.2d at 541.

ent case: "[t]he record in this case presents a picture of studied and persistent dissemblance, the kind of misconduct that, as Judge Kennedy wrote in *IPI Liberty Village [Assoc. v. Spalding Corners Assoc.,* 751 S.W.2d 120, 123 (Mo.App.1988) ], 'equity will not tolerate and delights to remedy.' This appeal utterly lacks merit and constitutes an abuse of the process of this court and our system of civil justice." *White v. Mid–Continent Investments,* 789 S.W.2d 34, 41 (Mo.App.1990).

In *Birt,* one of the respondents also filed a motion requesting damages pursuant to Rule 84.19. The court granted respondent's motion, assessed damages and stated "this appeal is wholly lacking in merit and constitutes an abuse of the process of this court and our system of civil justice." *Id.* at 544.

In both this court and the trial court, appellant has raised claims which have no basis in law and are contrary to well established principles and policies of the legal system. *His misguided preposterous* arguments, based upon a mistaken belief that the law which applies to all citizens should somehow not apply to him, lack legal foundation and are devoid of merit. *Birt,* 829 S.W.2d at 524. We hold appellant has willfully abused the right to appeal and deprived the trial court, this court and respondents of precious time and money. Accordingly, respondents' motion is sustained and an award of damages in the amount of $2,785.74 for frivolous appeal is granted.

The trial court's judgment is affirmed. Damages in the amount of $2,785.74 are assessed against appellant pursuant to Rule 84.19.

Costs assessed against appellant.

SIMON, P.J., and CRANDALL, J., concur.